**LEVINE, Plaintiff-Appellant, v. HART MOTORS, INC., Defendant-Appellee.**

Ohio Appeals, Seventh District, Columbiana County.

No. 717.   Decided December 12, 1955.

Moore & Moore, Lisbon, for plaintiff-appellant.
Carlyle & Carlyle, Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, PJ.

By arrangements made after the close of defendant's place of business on Saturday between plaintiff and defendant, a corporation engaged in the sale and repair of automobiles, plaintiff left her automobile before defendant's opening hour for business on Monday for repair by defendant at a place on defendant's parking lot designated by it.

In the interim between defendant's closing hour on Saturday and opening hour on Monday it snowed and the designated place of parking became rutted and frozen, which ruts were not covered with snow and were clearly visible when plaintiff parked her automobile on Monday morning.

While alighting from her automobile after parking it plaintiff fell and was injured, for which injuries she sought damages against defendant in the court of common pleas of Columbiana County.

Defendant's motions for verdicts to be directed in its favor at the close of plaintiff's case and at the conclusion of all the evidence was overruled, and the jury returned a verdict for $5000.00 for plaintiff.

Thereafter the trial judge sustained defendant's motion for a verdict to be directed in its favor notwithstanding the verdict of the jury for the plaintiff, and entered final judgment for the defendant, from which judgment plaintiff appealed to this court on questions of law.

Plaintiff contends that in directing the verdict against her notwithstanding the verdict of the jury returned for her she was entitled to have all the evidence construed most favorably to her, and that defendant was entitled to rendition of such judgment in its favor only if reasonable minds "would not differ upon conclusions properly inferable from the pleadings or evidence"; that accordingly the judgment in support of such contention from which she appeals was erroneous unless there was no evidence of substantial probative value to support the essential allegations of the petition; that such judgment could not be rendered by the trial judge on the ground that it was against the manifest weight of the evidence, and supports this conclusion by citation of §2323.18 R. C.; and finally that the court was without authority to set aside the verdict of the jury, and in support thereof cites **Krueger v. Schoenling Brewing Co., 82 Oh Ap 57.**

Plaintiff testified on cross-examination:—

"Q. Now at the time Mrs. Levine that you and your husband went to the Hart garage on Saturday, that would have been the 7th of March of 1953?

"A. Yes, sir.

"Q. During your conversation with Mr. Brown you understood that at the time you would be passing the Hart Motors on your way to work that the company might not be open for business at that hour?

"A. Well I never knew what time they opened in the morning.

"Q. Well you were advised at that time were you not if they were not open you would just leave your car there?

"A. Yes, sir, that's right.

"Q. So that upon that standpoint you did understand that they might not be open for business at the time you would leave your car there on the Monday morning? That is correct, isn't it?

"A. That is correct.

"Q. If I understood you correctly also you testified that it snowed on Saturday, about what time on Saturday did it snow, that is, from what time to what time?

"A. Well Saturday afternoon it started snowing and had stopped when I came from bingo, it wasn't snowing then.

"Q. Well about what time Saturday afternoon did it start snowing?

"A. Well I judge half past two or three o'clock.

"Q. And it continued to fall up until about nine o'clock?

"A. Well I don't know because when I came out of bingo it wasn't snowing.

"Q. And you came in what time?

"A. Well I went to bingo quarter of eight.

"Q. So that it would be between those hours that the snow fell so far as you know?

"A. Yes, sir.

"Q. And what kind of snow was it that fell that Saturday afternoon and possibly in the evening?

"A. Why it was a wet snow.

"Q. And that snow then froze did it?

"A. Yes, sir.

"Q. Well now from the time the snow froze on Saturday night up until you fell Monday morning had any snow or rain fallen?

"A. No, sir.

"Q. So that about what time in the evening was it or the night did it start to freeze?

"A. Well I couldn't tell you that, I had gone to bed.

"Q. Well now you said that it wasn't snowing when you went home, was that about a quarter of eight?

"A. No, I went a quarter of eight to bingo and I came home a quarter after nine.

"Q. And it wasn't snowing then?

"A. No, it wasn't snowing then.

"Q. And had it frozen at that time?

"A. No, it was kind of sloppy and snowy out.

"Q. So that it was sometime after that that it froze?

"A. Yes, sir.

"Q. Now had any snow fallen on top of the frozen ice between the time it froze and the time you fell on Monday morning?

"A. No, sir.

"Q. Well coming then directly to this question Mrs. Levine there was no covering of snow then over the ice that had formed either on the premises of the Hart Motor Company or on the sidewalk or on the street was there?

"A. There was snow on top of the ice. I would never have gotten out of that lot.

"Q. Well now you told us there was snow, it was wet, it froze and no further snow fell?

"A. Well there was some snow Mr. Carlyle on the ground, there was some snow, there was some snow and there was some ice.

"Q. Yes, you said that snow had fallen, you said it was wet, that snow froze there?

"A. That snow had frozen.

"Q. Yes but it was the frozen snow?

"A. Yes, sir.

"Q. And no new or fresh snow had fallen over that?

"A. No, that's right."

There is evidence that a period of thirty hours elapsed between the time snow last fell and the time plaintiff was injured, during which plaintiff contends defendant had ample time to and should have re-

moved the snow and ice from the specifically designated place plaintiff was to park her car, with which she was unfamiliar and which inferably had become rutted by a car parked presumably by defendant at the place plaintiff fell.

Also there is testimony of all witnesses other than plaintiff that she fell at a place without the property of the defendant, and of plaintiff that the ruts in the ice were not covered by snow when she fell.

There is nothing to indicate to us that the trial judge sustained defendant's motion for judgment in its favor notwithstanding the verdict of the jury returned for the plaintiff on the ground that the verdict of the jury was against the manifest weight of the evidence. Rather it is apparent to us as the result of a careful consideration of the evidence that the trial judge concluded, rightly we believe, that under plaintiff's evidence defendant was entitled to judgment as a matter of law.

In ruling upon the motions for a directed verdict the trial judge said:—

"I am afraid that the plaintiff has a very thin case and I should direct a verdict. As Judge Hart says, under our law it is just as serious speculating with the rights of citizens where no questions by the jury are involved as to deny a trial by jury when he has the right. I probably have an intense objection to direct a verdict because I think the matter can be corrected by judgment notwithstanding the verdict if when the case is all over and I feel it should be done. Therefore, with considerable hesitation I will overrule defendant's motion for a directed verdict and defendant may have its exceptions."

This statement indicates that at the time of trial the trial judge recognized that defendant was not liable to plaintiff as a matter of law but that any error the jury might make could be corrected by sustaining a motion for judgment notwithstanding the verdict if made, which he did.

In our opinion the case of **Turoff v. Richman, 76 Oh Ap 83**, supports the judgment of the trial court. In that case, after reviewing several Ohio cases dealing with the natural accumulation of ice and snow, the court said:—

"Should there be a different rule applied to the owner of private property where such owner by operation of law or because of contractual obligations is under the legal duty to maintain his property in a reasonably safe condition for the benefit of others lawfully upon the property? We think not. In cases where there is no act on the part of the landlord creating a greater danger than was brought about by natural causes, the dangers that are created by the elements, such as forming of ice and the falling of snow, are universally known and, unless the landlord has contracted to provide against these dangers, all persons on his property must assume the burden of protecting themselves therefrom."

See also **Wise v. The Great Atlantic & Pacific Tea Co., 94 Oh Ap 320,** which perhaps is more to the point. In that case it is said:—

"An operator of a store and adjoining parking lot is not liable to a customer who, after departing from such store and while walking across such parking lot, slips, falls, and sustains injuries where there is no

defect in the parking lot and it is not maintained in a dangerous condition except as to such dangers as are created by natural accumulations of ice and snow."

"Owners or lessees of stores, office building, banks, hotels, theaters, or other buildings where the public is invited to come on business or pleasure, are not insurers against all forms of accidents that may happen to any who come. Everybody knows that the hallways between the outside doors of such buildings and the elevators or business counters inside the building during a continued rainstorm are tracked all over by the wet feet of people coming from the wet sidewalks, and are thereby rendered more slippery than they otherwise would be. The same thing is true in the hallways of all post offices. It is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas, for several very good reasons, all so obvious that it is wholly unnecessary to mention them here in detail." **S. S. Kresge Co. v. Fader, 116 Oh St 718** at **723.**

As suggested by counsel for defendant "applying the law of the instant case, it follows:—

"1. Defendant, Hart Motors, Inc., was not an insurer of the safety of plaintiff.

"2. Defendant, Hart Motors, Inc., owed to plaintiff only the duty of ordinary care.

"3. Defendant, Hart Motors, Inc., cannot be charged with negligence by reason of the natural accumulation of ice and snow on its premises."

The judgment of the court of common pleas is affirmed.

GRIFFITH, J, concurs.
NICHOLS, J, dissents.