STATE OF MONTANA EX REL., BROR V. JOHNSON, RELATOR, *v.*
THE DISTRICT COURT OF THE FOURTH JUDICIAL
DISTRICT ET AL., RESPONDENT.

No. 11101.
Submitted April 7, 1966. Decided July 14, 1966.
417 P.2d 109.

Gene I. Brown (argued), Bozeman, for relator.

William E. Jones (argued), Missoula, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

On petition of the relator, this court issued an alternative order to show cause. The petition disclosed that on November 22, 1965, in the respondent district court, relator filed a complaint naming St. Patrick's Hospital and Stephen L. Odgers as defendants, wherein damages were sought for negligently leaving a surgical sponge in the hip of Mr. Johnson.

Summons was issued on November 22, 1965, and the defendant doctor was served in the State of California.

The defendant doctor, in support of a motion to dismiss, filed an affidavit; two pertinent paragraphs of this affidavit are as follows:

"Summons in this case was served upon STEPHEN L. ODGERS in the State of California. No service was made on STEPHEN L. ODGERS within the territorial limits of the State of Montana prior to January 1, 1962. The incident upon which the complaint is based took place in the State of Montana on or about March 28, 1955.

"STEPHEN L. ODGERS has not been a resident or citizen of the State of Montana on or after January 1, 1962, nor has STEPHEN L. ODGERS transacted any business within this

state or entered into a contract for services to be rendered in this State or committed any act which resulted in accrual of a tort action within this state on or after January 1, 1962."

On January 10, 1966, the respondent district court quashed the return of the service of summons and complaint upon Dr. Odgers.

As an aside, we are informed that the defendant, St. Patrick's Hospital, has successfully interposed a defense of the statute of limitations which matter is now on appeal here. We have not and do not deal with the propriety of the original proceeding here, because we feel it self-evident that the remedy at law is not otherwise sufficient.

Upon the return date of the alternative order to show cause, the respondent court appeared and filed a brief.

The fact situation as alleged is summarized as follows:

On March 28, 1955, relator was a patient of the doctor in a Missoula hospital where an operation was performed on relator's hip and a steel hip was inserted while the patient was under anesthetic; that the doctor and hospital left a surgical sponge in the hip; that on December 5, 1962, relator noticed several pieces of surgical gauze come out of the draining sinus of the hip which were removed; and that about July 1, 1965, the sinus again started to drain and limited the business activities of the relator and restricted his social and business affairs to his damage as the result of the carelessness and negligence of the hospital and respondent doctor.

Two questions present themselves: (1) The application of Rule 4, M.R.Civ.P., and the construction of Rule 86(a), both Rules adopted on January 1, 1962.

Rule 4, M.R.Civ.P., so far as pertinent reads:

"B. *Jurisdiction of Persons.* (1) *Subject to Jurisdiction.* All persons found within the state of Montana are subject to the jurisdiction of the courts of this state. In addition, any person is subject to the jurisdiction of the courts of this state as to any claim for relief arising from the doing personally,

through an employee, or through an agent, of any of the following acts:

"(a)  the transaction of any business within this state;

"(b)  the commission of any act which results in accrual within this state of a tort action; * * *

"(e)  entering into a contract for service to be rendered or for materials to be furnished in this state by such person; or * * *

"(2)  *Acquisition of Jurisdiction.*  Jurisdiction may be acquired by our courts over any person through service of process as herein provided; * * *

"D(3)  *Personal Service Outside the State.*  Where service upon any person cannot, with due diligence, be made personally within this state, service of summons and complaint may be made by service outside this state in the manner provided for service within this state, with the same force and effect as though service had been made within this state."

Rule 86(a) M.R.Civ.P., in part reads:

"(a)  *Effective Date and Application to Pending Proceedings.*  These Rules will take effect on January 1, 1962. *They govern all proceedings and actions brought after they take effect, and also all further proceedings in actions then pending,* except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible, or would work injustice, in which event the procedure existing at the time the action was brought applies."

The respondent argues persuasively that Rule 4, subd. B(1), as a matter of elementary grammar, precludes the Rule from conferring jurisdiction based on the fact situation presented. He contends that the part of the Rule reading "is subject to the jurisdiction * * * from the doing" is equivalent to "is subject to the jurisdiction * * * from the doing *or having done.*" He insists that the participial form "doing" is in the present tense, "having done" is in the past tense. Hence, the Rule can-

not confer jurisdiction based on acts committed before the date of enactment.

Respondent also urges that Rule 86(a) is applicable only to a cause of action which accrues after the effective date of the adoption of the Rule, by the clause in the Rule which states "They govern all proceedings and actions brought after they take effect, and also all further proceedings in actions then pending." The contention being that the Rule is silent on actions that might have accrued prior to the effective date of the Rules and in which no suit has yet been filed. Hence, runs the argument that Rule 86(a) was never meant to apply by the exclusion of reference to an accrued action which predated the Rule and which action has not been filed.

In support of this theory respondent quotes section 12-201, R.C.M.1947, on statutory construction which reads: "No law contained in any of the codes or other statutes of Montana is retroactive unless expressly so declared."

Respondent's position summarized is that both Rule 4, subd. B(1) and Rule 86(a) expressly refer to the present and future, and not to the past.

This court was confronted with this identical problem, a challenge of our long-arm statute, in Cause No. 10639, entitled State ex rel. Gilbert & Barker Manufacturing Company, a Massachusetts Corporation v. District Court, 142 Mont. 615, 385 P.2d 278. In this case, an application for a writ of prohibition was filed seeking to quash service of summons outside Montana; the writ was denied and the proceedings ordered dismissed.

Respondent is adamant that the two Rules in question are substantive law. The major premise of substantive law can be broadly defined as that law which creates duties, rights and obligations.

In support of this premise Chapman v. Davis, 233 Minn. 62, 45 N.W.2d 822, is cited wherein the Minnesota Supreme Court in ruling on its Motor Safety Responsibility Act held that the

record disclosed that the defendant was a resident of the state for nearly a year after the tort and the "long-arm" statute did not apply. That court also noted that the Safety Responsibility Act specifically stated that "This Chapter shall not apply to any accident or violation * * * *occurring prior to the effective date* of Laws of 1945." Rule 4, M.R.Civ.P., contains no such barrier or prohibition.

Respondent cannot sustain or prevail in its contention.

In 2 Moore's Federal Practice, §§ 4.41-1(3), 1291.56, in discussing the state "long-arm" statutes the author states: "These statutes are generally held to apply retroactively to cases arising prior to their adoption, since they are remedial in character."

This same argument of respondent was presented to the Federal District Judge in the case of Weber v. Hydroponics, Inc., Cause No. 912 in the Federal District Court, Missoula Division, in an unpublished order. There the Honorable W. D. Murray stated in his order: "Ingenious as this argument may be, it overlooks the provisions of Rule 86(a) of the Montana Rules of Civil Procedure, that rule provides:

" 'These rules will take effect on January 1, 1962. *They govern all proceedings and actions brought after they take effect.'*

"Certainly, the legislature must have been aware that the operative facts giving rise to actions commenced after January 1, 1962, would have, in many cases, occurred prior to that date, and by adopting the above-quoted provisions of Rule 86(a), the legislature clearly indicated the intention that the rules were to apply to those cases, as well as those where the cause of action accrued after January 1, 1962."

In 1940, the United States Supreme Court in Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278, ruling on substituted service stated:

"* * * Its adequacy so far as due process is concerned is dependent on whether or not the form of substituted service pro-

vided for such cases and employed is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard. If it is, the traditional notions of fair play and substantial justice [Citing case.] implicit in due process are satisfied."

One of the leading cases on the construction of the "long-arm statute" is Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673. There the Illinois Supreme Court quoting from Ogdon v. Gianakos, 415 Ill. 591, 597, 114 N.E.2d 686, stated: "The law applicable in the State of Illinois is that there is no vested right in any particular remedy or method of procedure, and that, while generally statutes will not be construed to give them a retroactive operation unless it clearly appears that such was the legislative intent, nevertheless, when a change of law merely affects the remedy *or law of procedure,* all rights of action will be enforceable under the new procedure without regard *to whether they accrued before* or after such change of law and without regard to whether the suit has been instituted or not, unless there is a saving clause as to existing litigation.' " (Emphasis added.)

Of interest here, too, all other procedural matters, including the very motion to quash service of summons ruled upon, are taken under the Montana Rules of Civil Procedure.

In a recent case, Hoen v. Dist. Ct. of Arapahoe County, 412 P.2d 428, decided March 28, 1966, the Colorado Supreme Court, considering the identical question here presented, stated: "* * * However, the better reasoned and more persuasive point of view, to us, is that such a statute may be constitutionally applied to one in Nealson's position, i. e., where the complaint is filed *after* the effective date of the statute, though the tortious act complained of occurred *before* the effective date of the statute. No good purpose would be served by setting forth in detail our reasons for so holding. Suffice it to say that in support of this conclusion and as illustrative of our thinking on this subject, see McGee v. International Life In-

surance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed2d 223; International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; Clews v. Stiles, 10 Cir., 303 F.2d 290; Sawyer v. Taylor, D.C., 225 F.Supp. 555; Smith v. Putnam, D.Colo., Sept. 27, 1965, 250 F.Supp. 1017; Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673; Ogdon v. Gianakos, 415 Ill. 591, 114 N.E. 2d 686; Gray v. Armijo, 70 N.M. 245, 372 P.2d 821; Jones v. Garrett, 192 Kan. 109, 386 P.2d 194; and Tellier v. Edwards, 56 Wash.2d 652, 354 P.2d 925."

Respondent also raises the question of the constitutionality of Art. XV, § 13, Montana Constitution which in part reads: "The legislative assembly shall pass no law for the benefit of * * * any individual * * * retrospective in its operation * * *."

This constitutional mandate, when read in its entirety, is not applicable to this question.

Respondent's position was and is dependent upon showing that the Rule grants substantive rights. We hold that this question involves procedural rights only and that this statute cannot be held to be objectionable retrospective legislation affecting the impairment of vested rights.

Let a writ of supervisory control issue vacating, setting aside and annulling the order of January 10, 1966, quashing service upon Stephen L. Odgers in the case of Bror v. Johnson v. St. Patrick's Hospital and Stephen L. Odgers, Cause No. 28860.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON, ADAIR and CASTLES concur.