GERTRUDE LUEBECK, PLAINTIFF AND RESPONDENT *v.* SAFE-
WAY STORES, INC., A CORPORATION, AND IVAN SMITH,
DEFENDANTS AND APPELLANTS.

No. 11454.
Submitted Sept. 24, 1968.
Decided Nov. 7, 1968.
Rehearing Denied Dec. 3, 1968.
446 P.2d. 921.

Poore, McKenzie, Roth & Robischon, James A. Robischon
(argued), Butte, for appellants.

D. L. Holland (argued), Robert J. Holland (argued), Butte,
for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment entered upon a jury ver-

dict for personal injuries, after motions for judgment notwithstanding the verdict and for a new trial were denied.

On Saturday, January 21, 1967, plaintiff and her husband, the Luebecks, planned to go to defendant's store in the City of Butte, Montana, to purchase a few groceries. It was snowing heavily during the morning and the Luebecks waited for the snow to stop. About 2:00 p.m., after the snow stopped, the Luebecks drove their pickup truck to defendant's store and into the large parking lot owned by defendant Safeway.

Luebeck parked about 100 feet from the entrance of the store. The parking lot was level and snow covered. None of the snow that had fallen had been removed. Plaintiff wore "kickerinos", a sort of snow boot. She knew the condition of the driveway in the parking lot was "bad". As she put it, "We walked real carefully because we could see the conditions were bad. * * *." She also testified that conditions were the same going into the store as they were coming out.

A witness for the plaintiff, an eye witness to the fall, testified that as he parked in the parking lot, he had "a very difficult time controlling (sic) my automobile. It was real slippery." Further he testified, "Well, it was all packed snow and it was glazed and it was with great difficulty that we got her up and in the truck. We had all we could do to hold our own footing. I remember when I parked my car I almost slid into the one on the left side of my car."

Luebecks went into the store, purchased a few items, and left the store without the assistance of box boys. Mr. Luebeck carried two sacks of groceries. Plaintiff carried her purse and a cake box. They were returning to the pickup when plaintiff slipped and fell, suffering a broken ankle. The area where she fell was a level snow covered surface.

Plaintiff testified that after she fell, her husband saw ice where she slipped.

Mr. Smith, manager of the store, testified that he knew the

condition of the parking lot, knew it to be hazardous; and had done nothing about it.

The single issue necessary to discuss is whether at the close of the plaintiff's case the court erred in denying a motion for directed verdict and/or for judgment of dismissal. To determine the issue, the question is whether under the foregoing fact situation, damages can be recovered at all, or, put another way, what is the duty of a landowner to a business invitee as it pertains to maintenance of a public parking lot with regards to the natural accumulation of snow and ice?

In Cassaday v. City of Billings, 135 Mont. 390, 393, 340 P.2d 509, 510, this Court said:

"Actionable negligence arises only from a breach of a legal duty. Jonosky v. Northern Pacific Ry. Co., 57 Mont. 63, 72, 187 P. 1014.

"It is well-established in Montana that a landowner is obligated toward an invitee to either use ordinary care to have the premises reasonably safe, or to warn the invitee 'of any hidden or lurking danger therein.' Milasevich v. Fox Western Montana Theatre Corp., 118 Mont. 265, 270, 165 P.2d 195, 197, and see Restatement, Torts, Negligence, § 343. He is not an insurer against all accidents and injuries to such persons while there. Milasevich v. Fox Western Montana Theatre Corp., supra.

"There was no hidden or lurking danger under the circumstances herein requiring a warning. The plaintiff saw and tested the ice. The condition was open, visible and obvious."

While Cassaday involved an ice rink, the same situation applies here in that the condition was open, visible and obvious. The plaintiff here knew the conditions to be "bad".

Authority from other jurisdictions is cited in both briefs. Respondents cites, among others, Dawson v. Payless For Drugs (Or.1967) 433 P.2d 1019. There the Oregon court in a divided opinion held liability on the owner of a parking lot sufficient to go to a jury in a slip and fall case. The court purported to

rely on the Second Restatement of Torts, Section 343A, reasoning as follows at page 1022 of 433 P.2d.

"Nor does our present holding go so far as to impose a duty upon the possessor in every case in which he has knowledge of a condition of danger upon his business premises. The duty arises only when the condition is *unreasonably* dangerous. The distinction is developed in 2 Harper and James, The Law of Torts, § 27.13, p. 1489—90 (1956). There it is said:

" 'People can hurt themselves on almost any condition of the premises. That is certainly true of an ordinary flight of stairs. But it takes more than this to make a condition *unreasonably* dangerous. If people who are likely to encounter a condition may be expected to take perfectly good care of themselves without further precautions, the the condition is not unreasonably dangerous because the likelihood of harm is slight.'

"Thus, it is pointed out that an ordinary flight of stairs in a common outdoor setting is not an unreasonably dangerous condition, whereas the same stairway covered with ice may be. In the latter circumstance, 'the condition of danger is such that it cannot be encountered with reasonable safety even if the danger is known and appreciated.' Id at p. 1493. When the potential for harm reaches this level the possessor of business premises should have a duty to take certain precautions for the safety of the invitee.

"It does not follow that the possessor is the invitee's insurer. The possessor's duty is predicated upon the assumption that it is feasible for him to remove or ameliorate the unreasonable danger. Moreover, the invitee will be barred by his own contributory negligence. He cannot recover if he acts unreasonably in encountering the danger or, having reasonably encountered the danger, he thereafter fails to exercise due care for his own safety. In deciding the issue of contributory negligence the probability of harm faced by the invitee must be weighed against the compulsion, need, or justification for encountering

the danger. In the language of the Restatement (Second) of Torts § 466, comment c at p. 512 (1965), the reasonableness of the invitee's conduct is determined by weighing 'the probability of harm and its gravity, which the plaintiff realizes or has reason to realize will be involved in the condition created by the defendant, with the value which the law attaches to the advantage which will be lost if the danger is not encountered.' The comment goes on to explain that '[i]n many cases the plaintiff is confronted with the necessity of either foregoing * * * a right or privilege * * * which he realizes or has reason to realize is involved in the condition created by the defendant * * *.'

"In the present case the jury could have reasonably found that (1) the probability of harm created by the icy condition of the parking lot was unreasonably great, (2) it was not infeasible for defendant to eliminate the unreasonable danger, (3) plaintiff was not contributorily negligent, and specifically that the importance of plaintiff's mission in shopping at defendant's store was sufficient to justify encountering the danger."

Appellant cites Crawford v. Soennichsen, 175 Neb. 87, 120 N.W.2d 578, 581, where the Nebraska court said in part:

"However, the general rule seems clearly to be that a store owner cannot be charged with negligence by reason of natural accumulation of ice and snow where the condition is as well known to the plaintiff as the defendant. (Citing cases.)"

The same holding was made in Watts v. Holmes (Wyo.1963), 386 P.2d 718; Crenshaw v. Firestone Tire & Rubber Company, 72 N.M. 84, 380 P.2d 828; Zide v. Jewell Tea Company, 39 Ill. App.2d 217, 188 N.E.2d 383; Levine v. Hart Motors, Ohio App., 143 N.E.2d 602, 75 Ohio Law Abst. 265.

The Oregon and Nebraska cases illustrate the difference in thinking between the two courts. We reject the Oregon rationale that natural conditions such as obvious snow and ice create

such an *unreasonably dangerous* condition as to require the owner of the premises to take certain precautions.

In a later case the Oregon court in Pribble v. Safeway Stores, Inc. (Or.1968), 437 P.2d 745, even went further in finding an "unreasonably dangerous" condition to be rainwater on an asphalt tile floor. The dissent pointed out that the Oregon court has now imposed strict liability on all storekeepers.

We hold then that where danger created by the elements such as the forming of ice and the falling of snow are universally known, or as here, actually known, there is no liability. Thus the district court was in error in not granting the motion for directed verdict. Accordingly the judgment is reversed and the cause dismissed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL, ADAIR and JOHN C. HARRISON concur.