No. 12301

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

VERA L. UHL and CHARLES UHL,
husband and wife,

Plaintiffs and Appellants,

-vs-

LaVERN ABRAHAMS and CLIFF BROWN,
d/b/a GRIFF'S BURGER BAR,

Defendants and Respondents.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable Charles Luedke, Judge presiding.

Counsel of Record:

For Appellants:

Jeffrey J. Scott argued, Omaha, Nebraska.
G. Todd Baugh appeared, Billings, Montana.

For Respondents:

Crowley, Kilbourne, Haughey, Hanson and Gallagher,
Billings, Montana.
Jack S. Ramirez argued, Billings, Montana.

---

Submitted: October 27, 1972

Decided: NOV 15 1972

Filed: NOV 15 1972

Thomas J. Kearney
_____ Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by plaintiffs from a summary judgment awarded defendants by the district court of Yellowstone County, the Hon. Charles Luedke, district judge.

On February 21, 1968, plaintiff Vera Uhl, accompanied by her children, drove to defendants' Burger Bar, located on Billings' west side, to buy lunch for her children and brother, and to redeem a birthday coupon which entitled her son to a free lunch there. On defendants' blacktop parking lot there were two parallel rows of parking spaces facing each other. At the end of each parking space was an individual concrete curbing 5" high and the width of a car. Between each individual parking space, the curbings were separated to enable a person to enter a walkway area between the two parallel rows of parking spaces and on into the Burger Bar building. This walkway was simply a section of the blacktop parking area, utilized to provide pedestrian access to the building. Neither the walkway nor the rest of the parking lot was covered or otherwise protected from the weather. Normal procedure at the establishment was to park against one of these curbings, and to proceed onto the walkway between the curbings, and then along the walkway and into the building.

United States Weather Bureau records indicated that prevailing conditions throughout Billings on the day of the accident were extremely icy due to rain from the previous night which had frozen on the ground. Defendants' parking lot, including the walkway area between the curbings, was thus completely icy by morning.

Defendant Abrahams, the manager of the Burger Bar, opened the establishment for business that morning. At approximately

- 2 -

9:30 a.m. he poured a product called Ice-Melt on the walkway area between the curbings to melt the ice. In his deposition he declared that he did not recall how much of this product he actually poured, although he stated that a very large quantity would have been needed to completely melt all the ice which had formed on the parking lot.

Shortly before noon on that day, Vera Uhl picked up her children at school and was to return them there by 1:00 p.m. She was familiar with the procedure at the Burger Bar and was aware of the icy conditions prevailing over the entire city on that day, as well as the icy condition of defendants' parking lot and walkway. The evidence indicates that Vera Uhl parked hurriedly against one row of curbings, but it is unclear whether the car was centered on any particular curbing. Since she was wearing curlers, she sent her children in by themselves, but after some minutes decided to go in herself. She stepped out of the car, over one of the curbings, onto the walkway, and went inside.

She received her order on a tray which she carried in both hands back to her car. When she approached her car she stepped over the curbing sideways with her right leg. At the same time, and while still holding onto the tray of food with both hands, her left foot, which was still on the walkway, slipped causing her to fall on the curbing, striking her head and back against the adjacent car and the ground. She got up and got into her car, waiting while her children went back inside to replace two milk shakes which had been ruined in her fall. Afterwards she drove away and picked up her brother; they then picked up her husband, and drove to the emergency room at the hospital where she was examined and released.

- 3 -

Following pretrial discovery, defendants moved for summary judgment which the district court granted.

The issue on appeal is whether the district court was correct in granting defendants a summary judgment. The issues of substantive law involved in this determination are twofold: (1) Did the defendants breach any duty owed the plaintiff proximately causing plaintiff's injuries?, and (2) Was there contributory negligence or assumption of risk on the part of plaintiff?

The authority for granting summary judgment is Rule 56(c), M.R.Civ.P., which provides in pertinent part as follows:

> " * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

In determining the burden of proof, this Court quoted with approval 6 Moore's F.P.2d, § 56.15[3], p. 2335, in Kober & Kyriss v. Billings Deac. Hosp., 148 Mont. 117, 121, 417 P.2d 476:

> " * * * the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law." See also Byrne v. Plante, 154 Mont. 6, 459 P.2d 266.

Directing our attention to the applicable substantive law, a possessor of land owes a duty to an invitee to use ordinary care to keep the premises in a reasonably safe condition and to warn the invitee of any hidden or lurking dangers therein, but he is not an insurer against all accidents and injuries to invitees on the premises. Cassady v. City of Billings, 135 Mont. 390, 340 P.2d 509; Luebeck v. Safeway Stores, Inc., 152 Mont. 88, 446 P.2d 921; and authorities cited therein.

In _Luebeck_ we directly held that " * * * where danger created by the elements such as the forming of ice and the falling of snow are universally known, or as here, actually known, there is no liability. * * *" We based this holding on a line of cases from other jurisdictions so holding, particularly quoting with approval the following statement from Crawford v. Soennichsen, 175 Neb. 87, 120 N.W.2d 578, 581:

> " * * * However, the general rule seems clearly to be that a store owner cannot be charged with negligence by reason of natural accumulation of ice and snow where the condition is as well known to the plaintiff as the defendant."

In accord see Watts v. Holmes, Wyo. (1963), 386 P.2d 718; Crenshaw v. Firestone Tire & Rubber Company, 72 N.M. 84, 380 P.2d 828; Zide v. Jewell Tea Company, 39 Ill.App.2d 217, 188 N.E.2d 383; Levine v. Hart Motors, 75 Ohio Law Abst. 265, 143 N.E.2d 602.

Such are the undisputed facts here. The icy condition of the streets and sidewalks was general throughout Billings due to precipitation, temperature and atmospheric conditions. Plaintiff knew this and specifically knew from observation immediately prior to getting out of the car that the parking lot and walkway were covered with ice. She recognized the condition as dangerous and knew that she had to be careful or she might fall down. There is no evidence that the use of the de-icer on the walkway contributed to the slippery condition. In short, nothing but a natural icing condition due to the elements was involved and such condition prevailed throughout the city. Accordingly, _Luebeck_ controls the situation in the instant case; there is no breach of duty, no negligence, and no liability as a matter of law.

Plaintiff cites our holding in Willis v. St. Peter's Hospital, 157 Mont. 417, 486 P.2d 593, in support of her position in the instant case. _Willis_ is readily distinguishable on the

- 5 -

facts from the instant case. There we held there was a jury question on two material issues of fact: (1) whether the hospital had contributed to the slippery conditions at the emergency entrance by repeated applications of a chemical de-icer over a considerable period of time causing partial melting, refreezing, and accumulation of successive layers of ice, and (2) knowledge of this condition by plaintiff. In the instant case the undisputed facts reveal a natural icing condition due to the elements, and an actual knowledge by plaintiff of such icy conditions and the danger therefrom.

There being no breach of duty by defendants in the first instance, we find it unnecessary to reach the issues of contributory negligence or assumption of risk on the part of plaintiff.

The judgment of the district court is affirmed.

_____
Associate Justice

We concur:

_____
Chief Justice

_____

_____
Associate Justices

- 6 -