No. 13203

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

MYRA A. DUNHAM,

Plaintiff and Appellant,

-vs-

SOUTHSIDE NATIONAL BANK OF MISSOULA,
and JIM O'HOYT AND TEDDY JOHNSON d/b/a
JOHNSON BROTHERS,

Defendants and Respondents.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

For Appellant:

Boone, Karlberg, and Haddon, Missoula, Montana
Sam Haddon argued, Missoula, Montana

For Respondents:

Garlington, Lohn and Robinson, Missoula, Montana
Sherman V. Lohn argued and Larry E. Riley argued,
Missoula, Montana

For Amicus Curiae:

Marra, Wenz and Iwen, Great Falls, Montana
Joseph R. Marra argued, Great Falls, Montana
Poore, McKenzie, Roth, Robischon and Robinson, Butte, Montana
David Wing argued and James A. Poore, III argued,
Butte, Montana

---

Submitted: March 10, 1976

Decided: APR 12 1976

Filed: APR 12 1976

*Thomas J. Kearney*
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from an order granting summary judgment entered in the district court, Missoula County.

Plaintiff, Myra R. Dunham, went to Southside National Bank on January 4, 1972, for the purpose of making a loan payment. While walking through the bank parking lot, toward a customer entrance to the bank, she slipped and fell on an accumulation of ice and snow.

It had been snowing in Missoula the night before the accident and continued to snow throughout the next day. The parking lot had been cleared before business hours by defendants Johnson Brothers under a maintenance agreement with the bank. The area where plaintiff fell was not cleared of ice or snow, as neither of the defendants considered this area a sidewalk or part of the parking lot.

Plaintiff brought this action for personal injuries on May 15, 1974. Defendants' motion for summary judgment was granted on September 16, 1975, on the grounds (1) plaintiff was contributorily negligent as a matter of law, and (2) the Montana comparative negligence statute did not apply to accidents occurring prior to the effective date of the act.

Plaintiff appeals the granting of summary judgment.

Two issues are presented for review:

(1) Does a genuine issue of material fact exist on the question of whether plaintiff was negligent thereby precluding summary judgment?

(2) Does the Montana comparative negligence statute, section 58-607.1, R.C.M. 1947, apply to claims which arose prior to the effective date of the act, July 1, 1975?

Rule 56(c), M.R.Civ.P., states a summary judgment shall be rendered only if:

" * * * the pleadings, depositions, answers to

interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

The moving party has the burden of showing the absence of any genuine factual issue. As stated in 6 Moore's Federal Practice, ¶56.15[3], p. 56-463:

"The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law."

See Kober & Kyriss v. Billings Deaconess Hospital, 148 Mont. 117, 417 P.2d 476.

In her deposition plaintiff admitted the slippery condition of the parking lot was "obvious" and that she believed the accumulation of ice and snow on the walkway was a natural accumulation due to the prevailing conditions. She stated the condition was not hidden and agreed she must have stepped on an icy spot the wrong way.

This Court recently stated the law regarding slip and fall under similar conditions in Uhl v. Abrahams, 160 Mont. 426, 429, 430, 503 P.2d 26, the language there applies equally well here:

"Directing our attention to the applicable substantive law, a possessor of land owes a duty to an invitee to use ordinary care to keep the premises in a reasonably safe condition and to warn the invitee of any hidden or lurking dangers therein, but he is not an insurer against all accidents and injuries to invitees on the premises. Cassady v. City of Billings, 135 Mont. 390, 340 P.2d 509; Luebeck v. Safeway Stores, Inc., 152 Mont. 88, 446 P.2d 921; and authorities cited therein.

"In Luebeck we directly held that '* * * where danger created by the elements such as the forming of ice and falling of snow are universally known, or as here, actually known, there is not liability. * * *' We based this holding on a line of cases from other jurisdictions so holding, particularly quoting with approval the following statement from Crawford v. Soennichsen, 175 Neb. 87, 120 N.W.2d

- 3 -

578, 581:

"' * * * However, the general rule seems clearly
to be that a store owner cannot be charged with
negligence by reason of natural accumulation of
ice and snow where the condition is as well known
to the plaintiff as the defendant.' * * *

" * * * In short, nothing but a natural icing
condition due to the elements was involved and
such condition prevailed throughout the city.
Accordingly, Luebeck controls the situation in
the instant case; there is no breach of duty, no
negligence, and no liability as a matter of law."

Appellant cites Willis v. St. Peter's Hospital, 157 Mont.
417, 486 P.2d 593. Willis can be readily distinguished in the
instant case, as it was in Uhl. In Willis there was a jury ques-
tion as to whether the hospital contributed to the slippery con-
dition by attempting to melt the ice and whether the plaintiff
had knowledge of the condition. Neither of these issues of
material fact exist in the instant case.

We find the district court properly granted respondents'
motion for a summary judgment.

On appeal appellant asks this Court to give the new
Montana comparative negligence law retroactive effect. In other
words, appellant argues comparative negligence should apply to an
accident occurring prior to the effective date of the legislation
but not tried until after the effective date.

Prior to July 1, 1975, the law of contributory negligence
in Montana was section 58-607, R.C.M. 1947:

"Every one is responsible, not only for the
result of his willful acts, but also for an injury
occasioned to another by his want of ordinary care
or skill in the management of his property or
person, except so far as the latter has, willfully
or by want of ordinary care, brought the injury
upon himself. The extent of liability in such
cases is defined by the title on compensatory
relief."

On July 1, 1975, Montana's comparative negligence stat-
ute, section 58-607.1, R.C.M. 1947, (Chap. 60, Laws of 1975)
became effective. It reads:

- 4 -

"Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or injury to person or property, if such negligence was not greater than the negligence of the person against whom recovery is sought, but any damages allowed shall be dismissed in the proportion to the amount of negligence attributable to the person recovering."

Section 58-607.1, R.C.M. 1947, did not amend or repeal section 58-607, R.C.M. 1947. Section 58-607.1 modifies the total defense of contributory negligence by apportioning damages, if the plaintiff's negligence is not greater than that of the defendant. There is no legislative declaration that section 58-607.1 shall be only prospective in operation, nor is there declaration the statute shall have retroactive effect.

There is a presumption in Montana against construing a statute retroactively, unless specifically declared retroactive. Section 12-201, R.C.M. 1947, provides:

"No law contained in any of the codes or other statutes of Montana is retroactive unless expressly so declared."

The foundation for this presumption was set forth in Sullivan v. City of Butte, 65 Mont. 495, 498, 211 P. 301, wherein the Court said:

"While our Constitution does not forbid the enactment of retrospective laws generally, it is a rule recognized by the authorities everywhere that retrospective laws are looked upon with disfavor. It is a maxim said to be as old as the law itself that a new statute ought to be prospective, not retrospective, in its operation. * * * The maxim has its foundation in the presumption that the legislature does not intend to make a new rule for past transactions and every reasonable doubt will be resolved against a retrospective operation."

See State ex rel. Mills v. Dixon, 68 Mont. 526, 219 P. 637; State ex rel. City of Billings v. Osten, 91 Mont. 76, 5 P.2d 562; State ex rel. Whitlock v. State Board of Equalization, 100 Mont. 72, 45 P.2d 684; State v. J. C. Maguire Const. Co., 113 Mont. 324, 125 P.2d 433; 82 C.J.S. Statutes §414; Anno. 37 ALR3d 1438, 1440;

- 5 -

Schwartz, Comparative Negligence, §8.4.

In City of Harlem v. State Highway Comm'n, 149 Mont. 281, 284, 425 P.2d 718, this Court interpreted section 12-201, R.C.M. 1947, stating:

> " * * * This section provides a rule of construction which requires that the intent of the legislature is to be gained from the act itself and from no other source."

We find nothing in section 58-607.1, R.C.M. 1947, (or Chap. 60, Laws of 1975), which expressly declares a legislative intent to apply the law retroactively.

Appellant argues the comparative negligence law is procedural in nature, thus it may be applied retroactively. Respondents reply that the law is substantive in nature. A substantive law may be defined as that law which creates duties, rights, obligations, and responsibilities. State ex rel. Johnson v. District Court, 148 Mont. 22, 417 P.2d 109.

This Court has held on more than one occasion, that procedural laws may be given retroactive effect, notwithstanding the presumption against retroactivity in section 12-201, R.C.M. 1947. State ex rel. Johnson v. District Court, supra; State Department of Highways v. Olsen, 166 Mont. 139, 531 P.2d 1330, 32 St.Rep. 110.

The Oregon Supreme Court in Joseph v. Lowery, 261 Ore. 545, 495 P.2d 273, 275, 276, faced the question of retroactivity of its comparative negligence law, which is identical to Montana's in all relevant areas. It stated:

> "Under the comparative negligence statute, a plaintiff whose negligence is less than that of the defendant is not barred from recovery by virtue of his contributory negligence, but is allowed recovery reduced by the degree of his fault. Therefore, if applied retroactively, the act would affect legal rights and obligations arising out of past actions. As a result, <u>strictly for the purposes under consideration here,</u> the provisions of the act are 'substantive' and not 'procedural or remedial' in nature. If applied retroactively, the statute could create a duty to pay which did not exist at the time the damage was

inflicted. * * *

> " * * * We believe there is merit in the prior view
> of this court * * * that, in the absence of an
> indication to the contrary, legislative acts
> should not be constructed in a manner which changes
> legal rights and responsibilities arising out of
> transactions which occur prior to the passage of
> such acts."

We agree with the reasoning of the Oregon court, and find the
Montana comparative negligence law substantive in nature with
a presumption against retroactive effect.

The Montana and Oregon comparative negligence laws are
nearly identical. These laws were copied from the Wisconsin
statute first passed in 1931 and amended to its present form
(copied by Montana and Oregon) in 1971. Montana follows the rule
of statutory construction that in borrowing a statute from another
state, the legislature presumably borrows the construction placed
upon it by the highest court of the state from which it is borrowed.
Stadler v. First National Bank, 22 Mont. 190, 56 P. 111; Esterly
v. Broadway Garage Co., 87 Mont. 64, 285 P. 172; Roberts v.
Roberts, 135 Mont. 149, 338 P.2d 719; Lowe v. Root, 166 Mont. 150 ,
531 P.2d 674, 32 St.Rep. 122.

In 1931 Wisconsin became the first state to enact a
modified comparative negligence law (the type enacted in Montana
in 1975). Schwartz, Comparative Negligence, §3.5(A). In 1933
the Wisconsin Supreme Court held the statute did not apply retro-
actively. Brewster v. Ludtke, 211 Wisc. 344, 247 N.W. 449; Crane
v. Weber, 211 Wisc. 294, 247 N.W. 882. Both cases simply stated
the accident occurred prior to the enactment of the comparative
negligence act, thus contributory negligence was a total defense.
These holdings were reaffirmed in 1935 by Peters v. Milwaukee
Electric Ry. & Light Co., 217 Wisc. 481, 259 N.W. 724.

In 1971 Wisconsin followed the lead of New Hampshire and
adopted the 50% system of comparative negligence. Schwartz,

Comparative Negligence, §3.5(B). In 1972 the Wisconsin Supreme

Court held the 1971 modification could not operate retroactively,

citing Brewster and Crane as precedent. Lupie v. Hartzheim, 54

Wisc.2d 415, 195 N.W.2d 461; Holzem v. Mueller, 54 Wisc.2d 388,

195 N.W.2d 635. These holdings were reaffirmed in Schuh v. Fox

River Tractor Co., 63 Wisc.2d 728, 218 N.W.2d 279. See Jones

v. Jones, 113 N.H. 553, 311 A.2d 522, holding the New Hampshire

law not retroactive.

In Joseph v. Lowery, supra, the Oregon Supreme Court

cited the Wisconsin holdings as being highly persuasive on the

construction of the Oregon statute. We feel equally persuaded

in the construction of the Montana statute.

Amicus on behalf of appellant, directs the Court to the

many holdings of this Court that we will not blindly follow the

construction given a particular statute by the court of another

state from which the Montana legislature borrowed the statute,

when such court decision does not appear to be founded on right

reasoning or when such decision would not be in harmony with the

spirit and policy of the Montana legislature and decisions of

this Court, e.g. Grady v. City of Livingston, 115 Mont. 47, 141

P.2d 346; In re Kay's Estate, 127 Mont. 172, 260 P.2d 391; Cahill-

Mooney Const. Co. v. Ayres, 140 Mont. 464, 373 P.2d 703. In the

instant case, we do not feel these objections are relevant, there-

fore we follow Wisconsin, New Hampshire and Oregon courts in deny-

ing retroactive effect to Montana's comparative negligence law.

Appellant directs us to the leading cases giving compara-

tive negligence statutes retroactive effect: Peterson v. City of

Minneapolis, 285 Minn. 282, 173 N.W.2d 353, 355, 37 ALR3d 1431;

Godfrey v. State, 84 Wash.2d 959, 530 P.2d 630, 633.

Peterson is based on the Minnesota comparative negligence

law which states the statute "shall be effective in any action the

trial of which is commenced after July 1, 1969." Minnesota recognized the precedent value of the Wisconsin decisions, but parted from those decisions due to the different wording of the statutes. This wording distinction also distinguishes Peterson from the instant case.

Godfrey, as did Peterson, dealt with legislative abrogation of the common law rule of contributory negligence. The Washington court referred to the common law status of its contributory negligence rule on more than one occasion in its opinion. In Montana the contributory negligence rule is statutory in nature, in effect until July 1, 1975, and remaining in effect after that date, although modified by the comparative negligence statute. The Washington legislature, although not providing a specific direction as to retroactive or prospective effect of the statute, did entitle the statute: "An Act relating to civil procedure." As stated above, the Montana comparative negligence law is substantive in nature and entitled to the presumption that it was meant to be prospective in effect.

Appellant also refers to court decisions in Florida and California adopting comparative negligence as a part of the developing common law principles: Hoffman v. Jones, (Fla. 1973) 280 So.2d 431; Nga Li v. Yellow Cab Company of California, 119 Cal.Rptr. 858, 532 P.2d 1226. These decisions dealt with judge-made law modifying judge-made law. The courts were free to determine what effect their decisions would have on causes of action arising prior to the decisions.

If this Court were to declare that the Montana comparative negligence law has retroactive effect, we would be legislating retroactively and hastening the modification of the contributory negligence law without specific legislative direction and contrary to the common law rules of statutory construction and section

12-201, R.C.M. 1947. This Court recently said in Wilson v.

Swanson, ____Mont.____, ____P.2d____, 33 St.Rep. 216, 221,

regarding a request to declare the Montana guest statute,

repealed effective July 1, 1975, retroactively unconstitutional:

> "Under these circumstances [repeal of the law] we decline to hasten its demise by judicial decision. We decline to legislate retroactively as condemned in Montana Horse Products Co. v. Great Northern Ry. Co., 91 Mont. 194, 7 P.2d 919; Sunburst O. & R. Co. v. Great North. Ry. Co., 91 Mont. 216, 7 P.2d 927, aff'd 287 U.S. 358, 53 S.Ct. 145, 77 L ed 360, 85 ALR 254; 10 ALR3d 1371, Sec. 7(a)."

Neither will we legislate retroactively in this matter.

The order of the district court granting summary judgment

is affirmed, as is the district court's conclusion that the Montana

comparative negligence law section 58-607.1, R.C.M. 1947, shall

not apply to a cause of action arising prior to July 1, 1975.

_____
                        Justice

We concur:

_____


_____


_____
Hon. Arthur Martin, district judge,
sitting in place of Mr. Chief Jus-
tice James T. Harrison.

- 10 -

Mr. Justice John Conway Harrison dissenting:

I respectfully dissent. As I view this case this Court had an opportunity to decide the case in such a manner as to provide for uniformity in the trial of all pending negligence cases. Admittedly the arguments of all parties to the case are legalistically sound. The issue, as I view it, is which argument is morally sound and just. To me, there can be but one choice.

The majority, citing cases from this and other jurisdictions, namely Oregon, Wisconsin and New Hampshire, found that nothing in section 58-607.1, R.C.M. 1947, or Chapter 60, Laws of 1975, expressly declares a legislative intent to apply the law retroactively, on the basis that such a change would be a change in our substantive law. I believe the change is a procedural, not substantive change. State v. Olsen, 166 Mont. 139, 531 P.2d 1330, 32 St.Rep. 110; State ex rel. Johnson v. District Court, 148 Mont. 22, 417 P.2d 109; 82 C.J.S. Statutes § 422. As I view it, under Montana's Rule 8(b), M.R.Civ.P., the defense of contributory negligence is a procedural matter which the defense must plead and prove. It affects the plaintiff's remedy rather than the defendant's substantive obligation to the plaintiff.

The adoption of Montana's civil rules of procedure, years after the enactment of section 58-607, R.C.M. 1947, to me clearly indicates that contributory negligence is a procedural matter affecting the remedy only.

Recognizing that here we have a conflict of philosophies as set forth in the cited supporting cases of the majority, I believe the better reasoned and more desirable is set forth in the recent case of the Supreme Court of Washington holding that that state's statute on comparative negligence was applicable to pending cases. In Godfrey v. State, 84 Wash.2d 959, 530 P.2d 630, 634, that Court said:

"'It would be incongruous indeed to frustrate this obvious legislative change in policy by adopting a position that would permit the rejected bar to recovery to continue in operation for years to come * * * if we were to accept respondent's argument that the statute is prospective in operation this state would, for many years, face the probability of having litigants and our courts subjected to a dual system of recovery as these types of cases come to light. Such could hardly have been the intent or purpose of a legislature that clearly abolished contributory negligence as a bar to recovery.

"We hold * * * that the statute was intended to be operative on the effective date set forth therein; and, that the statute was designed to apply to all causes of action having arisen during the applicable period of limitation prior to that date though trials may have been commenced * * *.

"We hold * * * that the legislature intended RCW 4.22.010 and 4.22.020 to operate retroactively. Accordingly, the statute applies to all causes of action having arisen during the applicable period of limitation prior to its effective date though trials based thereon may have been commenced thereafter. * * *"

See also Li v. Yellow Cab Company of California, 119 Cal.Rptr. 858, 532 P.2d 1226; Peterson v. City of Minneapolis, 285 Minn. 282, 173 N.W.2d 353; Schwartz, Comparative Negligence, §8.5, pp. 149-151.

In finding that the comparative negligence statute recently adopted by the 1975 legislature is not retroactive, the majority, I feel, may well have created a state of confusion in Montana's law that will take years to overcome. To me it is not in the spirit of immediate social reform, so long in coming to this state, as was intended by the legislature.

I would reverse the district court.

_____
                                   Justice.

Mr. Justice Gene B. Daly:

I concur in the foregoing dissent of Mr. Justice John Conway Harrison.

_____
                                   Justice.

- 12 -

Mr. Justice Haswell, specially concurring:

I concur in all that is said in the majority opinion, but would add a short response to the dissenting opinion.

The issue is not "which argument is morally sound and just" as stated in the dissent. Neither party nor amicus contends this is the issue. If Montana's comparative negligence statute is not substantive as the dissent concludes, it is difficult to follow just how a mere procedural rule can be justified on moral grounds.

The issue is whether the Montana legislature intended to give our comparative negligence statute retroactive effect. The dissenting opinion does not cite a single rule of statutory construction to support such an intention by the Montana legislature. It only states that "the better reasoned and more desirable" philosophy of retroactivity is set forth in the Washington case of Godfrey v. State, 84 Wash.2d 959, 530 P.2d 630; the California case of Li v. Yellow Cab Company of California, 119 Cal.Rptr. 858, 532 P.2d 1226; and the Minnesota case of Peterson v. City of Minneapolis, 285 Minn. 282, 173 N.W.2d 353. All three cases are distinguished from the situation in Montana in the majority opinion.

Additionally the supposed confusion that would result from prospective rather than retroactive operation does not square with Montana experience. For decades Montana trial courts and juries have been hearing accident cases involving comparative negligence under FELA during the same jury term as other accident cases involving contributory negligence principles without incident. This basis is nothing but a puff of smoke.

If the Montana legislature really intended to alter the liability of parties to accidents that occurred prior to the passage of our comparative negligence statute, it would have been a simple matter to say so. This Court's function is to construe the law as it finds it, not to insert what has been omitted. Section 93-401-15, R.C.M. 1947; Dunphy v. The Anaconda Company, 151 Mont. 76, 438 P.2d 660, and cases cited therein.

Frank I. Haswell

_____
Justice