**Katherine CARNE, Plaintiff,**

**v.**

**UNITED STATES of America and United States Postal Service, Defendants.**

**No. CV 83–40–BU–CCL.**

United States District Court, D. Montana, Butte Division.

Feb. 10, 1986.

Leonard J. Haxby, Butte, Mont., for plaintiff.

Allen R. McKenzie, Asst. U.S. Atty., Butte, Mont., for defendants.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

Plaintiff Katherine Carne brought this action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671–2680. Plaintiff sustained a fractured vertebra and other less severe injuries on February 11, 1982, when

she slipped and fell on snow and ice that had accumulated in a United States Post Office parking lot in Butte, Montana. She advances two theories of liability against the government: (1) negligent design and construction of the parking lot; and (2) negligent maintenance of the lot. Prior to commencing this action, plaintiff filed an administrative tort claim with the United States Postal Service. The administrative claim was denied on January 21, 1983.

In an action under the Federal Tort Claims Act, state law must be applied, making the United States "liable in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The law to be applied is that of the place where the alleged tortious act or omission occurred. 28 U.S.C. § 1346(b). *See also Ducey v. United States,* 713 F.2d 504, 508 (9th Cir.1983). In the instant case, therefore, the Court must apply Montana law to plaintiff's claims.

This case was tried to the Court, sitting without a jury, on January 6, 1986. The Court now is called upon to make findings of fact and conclusions of law. I believe plaintiff failed to show that defendants' negligence proximately caused her injuries and, therefore, find accordingly.

## FINDINGS OF FACT

1. On February 11, 1982, plaintiff and her husband, William Carne, drove from their residence in Butte, Montana to the United States Post Office on Dewey Boulevard in that city. Plaintiff was a passenger in the vehicle operated by her husband.

2. The Carnes' residence and the Post Office on Dewey are approximately one mile apart. Plaintiff was familiar with this particular Post Office, having visited the facility frequently since it opened in late 1980.

3. Upon arrival at the Post Office, William Carne entered the parking lot on the south side of the building. He pulled into a parking space almost directly in front of the east door on the building's south face.

4. After her husband stopped, plaintiff stepped out of the passenger side of the vehicle. As she attempted to close the car door, she slipped and fell on snow and ice that had accumulated in the parking lot.

5. Plaintiff sustained several injuries as a result of her fall, the most severe of which was a compression fracture of the T–12 thoracic vertebra. In addition to her back injury, plaintiff also experienced tenderness and pain in her shoulders, abdomen and left leg. She underwent a lengthy course of treatment and incurred substantial medical expenses. She still experiences pain, but has resumed some of her normal activities.

6. Butte was in the midst of frigid winter weather conditions during early February 1982. It had snowed in Butte prior to February 11. National Weather Service records indicate more than four inches of snow fell between February 2 and February 7. Traces of snow fell on February 8 and again on February 9. No new snow was recorded in Butte on either February 10 or February 11. From February 4 through February 10, temperatures in Butte ranged from 10° F to −44° F. On February 11, the date plaintiff fell, the high temperature was 15° and the low was −29° F.

7. On the date plaintiff fell, both she and her husband were well aware of the winter weather conditions. While driving, they observed snowpacked sidewalks and streets. They had made similar observations during the period prior to February 11. Upon arrival at the Post Office on February 11, plaintiff's husband warned her to be careful as she got out of the car.

8. All loose snow had been plowed off the parking lot. The lot, however, was snowpacked and icy on February 11. Plaintiff's husband and a postal employee also experienced difficulty standing and walking in the area of the lot in which plaintiff fell. After plaintiff fell, a postal employee spread some sand in that area of the parking lot.

9. Plaintiff presented expert testimony at trial regarding the design and construc-

tion of the parking lot. Plaintiff's expert witness, Walter Everly, is an accomplished civil and mining engineer from Butte.

10. In the expert's opinion, taking into account the severe changes in climate occurring in Butte, parking lots in that city should be constructed with slopes not exceeding one percent (a drop of one foot in 100 feet). In no case, the expert opined, would he design a Butte parking lot with a slope exceeding two percent.

11. The expert indicated, however, that a commonly-accepted national design standard for parking lots (as reflected in the treatise entitled Databook for Civil Engineers) provides for parking lot slopes of up to four percent.

12. As designed, the slope of the Dewey Boulevard Post Office parking lot in the area where plaintiff fell was 3.52 percent. As constructed, according to the expert's own measurements, the slope of the lot in that area was 6.25 percent.

13. The expert concluded that, as built, the parking lot was unreasonably steep in the area where plaintiff fell. He testified the as-built slope would require regular monitoring and intensive maintenance.

14. In considering the conduct of the United States in constructing the parking lot with a 6.25 percent slope in the area where plaintiff fell, the Court cannot attribute more than 30 percent of the total negligence in this case to the government.

## DISCUSSION

Under Montana law, the duty owed by a property owner to an injured party does not depend on the status of the injured party. A property owner is obligated to exercise ordinary care under the circumstances, regardless of whether the party injured on the premises is a guest, an invitee or a trespasser. *Limberhand v. Big Ditch Co.*, — Mont. —, 706 P.2d 491, 496 (1985).

Montana case law requires a property owner to use ordinary care in keeping the premises reasonably safe and to warn parties on such premises of any hidden dangers; the duty being satisfied if the hazardous condition is obvious or actually known. *Rennick v. Hoover*, 186 Mont. 167, 606 P.2d 1079, 1081 (1980); *Luebeck v. Safeway Stores, Inc.*, 152 Mont. 88, 446 P.2d 921 (1968). Several Montana cases have involved injuries caused by icy conditions. The Montana Supreme Court consistently has held there is no liability imposed on a property owner where the danger is created by the elements, such as the accumulation of ice and snow, and is universally known or actually known. *Luebeck*, 446 P.2d 921; *Dunham v. Southside National Bank of Missoula*, 169 Mont. 466, 548 P.2d 1383 (1976); *Rennick*, 606 P.2d 1079; and *Cereck v. Albertson's, Inc.*, 195 Mont. 409, 637 P.2d 509 (1981). While a property owner must exercise ordinary care toward other persons in maintaining a premises, it is clear that the landowner is not an insurer against natural hazards.

A property owner may be held liable, however, for falls on accumulations of ice and snow where the hazard created by the natural accumulation is increased, or a new hazard is created, by an affirmative act of the property owner. *Cereck*, 637 P.2d at 511, *citing*, Restatement (Second) of Torts, § 343A(1) (1965). In the instant case, plaintiff claims that the United States' construction of the parking lot in question and its failure to properly maintain the lot increased the hazard created by the elements.

## CONCLUSIONS OF LAW

1. Jurisdiction in the instant case is founded on 28 U.S.C. § 1346(b).

2. The law of Montana is applicable to this case. 28 U.S.C. § 2674.

3. The United States, through its Postal Service, owed plaintiff an affirmative duty to use ordinary care in maintaining the Dewey Boulevard customer parking lot in a reasonably safe condition.

4. Plaintiff had the correlative duty to protect and conduct herself in a reasonable manner.

5. Plaintiff failed her duty to herself. Her own testimony demonstrates she was well aware of the danger presented by the icy conditions existing in Butte on February 11, 1982. Plaintiff's knowledge of this natural hazard absolves the United States of liability, absent an affirmative act by the government increasing the natural danger or creating a new hazard.

6. In an action for negligence, a plaintiff must produce evidence from which it can be reasonably inferred that negligent conduct on the part of the defendant was the proximate cause of plaintiff's injuries. *Krone v. McCann,* 196 Mont. 260, 638 P.2d 397, 400-01 (1982). In the present case, plaintiff simply failed to demonstrate that any affirmative act on the part of the United States proximately caused her injuries. Her failure to protect herself was of an active, participatory nature. The United States' negligence, if any, in constructing the parking lot as it exists and failing to take precautionary measures in addition to plowing at the time of plaintiff's fall was an error of omission. No affirmative act of the United States at the time of plaintiff's fall increased the hazard created by the elements.

7. Plaintiff's own negligence, which exceeds that of the party against whom recovery is sought, bars recovery in this case. Mont.Code Ann. § 27-1-702.

### ORDER

IT IS ORDERED that JUDGMENT is entered in favor of the United States and against the plaintiff in keeping with the findings and conclusions stated above. The parties shall bear their respective costs and expenses.