MR. JUSTICE JOHN C. HARRISON
(dissenting):
I respectfully dissent. As I view this case this Court had an opportunity to decide the case in such a manner as to provide for uniformity in the trial of all pending negligence cases. Admittedly the arguments of all parties to the case are legalistically sound. The issue, as I view it, is which argument is morally sound and just. To me, there can be but one choice.
The majority, citing cases from this and other jurisdictions, namely Oregon, Wisconsin and New Hampshire, found that nothing in section 58-607.1, R.C.M.1947, or Chapter 60, Laws of 1975, expressly declares a legislative intent to apply the law retroactively on the basis that such a change would be a change in our substantive law. I believe the change is a procedural, not substantive change. State v. Olsen, 166 Mont. 139, 531 P.2d 1330; State ex rel. Johnson v. District Court, 148 Mont. 22, 417 P.2d 109; 82 C.J.S. Statutes § 422. As I view it, under Montana’s Rule 8(b), M.R.Civ.P., the defense of contributory negligence is a procedural matter which the defense must plead and prove. It affects the plaintiff’s remedy rather than the defendant’s substantive obligation to the plaintiff.
The adoption of Montana’s civil rules of procedure, years after the enactment of section 58-607, R.C.M.1947, to me clearly indicates that contributory negligence is a procedural matter affecting the remedy only.
Recognizing that here we have a conflict of philosophies as set forth in the cited supporting cases of the majority, I believe the better reasoned and more desirable is set forth in the recent case of the Supreme Court of Washington holding that that state’s *477 statute on comparative negligence was applicable to pending cases. In Godfrey v. State, 84 Wash.2d 959, 530 P.2d 630, 634, that Court said:
“It would be incongruous indeed to frustrate this obvious legislative change in policy by adopting a position that would permit the rejected bar to recovery to continue in operation for years to come * * * if we were to accept respondent’s argument that the statute is prospective in operation this state would for many years, face the probability of having litigants and our courts subjected to a dual system of recovery as these types of cases come to light. Such could hardly have been the intent or purpose of a legislature that clearly abolished contributory negligence as a bar to recovery.
“We hold * * * that the statute was intended to be operative on the effective date set forth therein; and, that the statute was designed to apply to all causes of action having arisen during the applicable period of limitation prior to that date though trials may have been commenced * * *.
“We hold * * * that the legislature intended RCW 4.22.010 and 4.22.020 to operate retroactively. Accordingly, the statute applies to all causes of action having arisen during the applicable period of limitation prior to its effective date though trials based thereon may have been commenced thereafter.
See also Li v. Yellow Cab Company of California, 13 Cal.3d 804, 119 Cal.rptr. 858, 532 P.2d 1226; Peterson v. City of Minneapolis, 285 Minn. 282, 173 N.W.2d 353; Schwartz, Comparative Negligence, § 8.5, pp. 149-151.
In finding that the comparative negligence statute recently adopted by the 1975 legislature is not retroactive, the majority, I feel, may well have created a state of confusion in Montana’s law that will take years to overcome. To me it is not in the spirit of immediate social reform, so long is coming to this state, as was intended by the legislature.
I would reverse the district court.