No. 12190

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

DANIEL P. HANNIFIN,

Plaintiff and Appellant,

-vs-

CAHILL-MOONEY CONSTRUCTION COMPANY, INC.,
a Montana Corporation,

Defendant and Respondent.

---

Appeal from: District Court of the Second Judicial District,
Honorable John B. McClernan, Judge presiding.

Counsel of Record:

For Appellant:

Henningsen and Purcell, Butte, Montana.
James E. Purcell argued, Butte, Montana.

For Respondent:

Corette, Smith and Dean, Butte, Montana.
Kendrick Smith argued, Butte, Montana.

---

Submitted: June 13, 1972

Decided: JUN 3 0 1972

Filed: JUN 3 0 1972

Thomas J. Kearney
                                    Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the granting of defendant's motion for summary judgment by the district court of the second judicial district, county of Silver Bow, Hon. John B. McClernan, judge presiding.

In August 1968, defendant Cahill-Mooney Construction Company, Inc. was given a contract by the Stauffer Chemical Company to remove certain equipment from a building at its plant near Butte, Montana. Work on the contract commenced August 25, 1968 and terminated in early December 1968. The work was done without plans or specifications. The equipment to be removed was pointed out to defendant by a representative of Stauffer, who remained on the job during the entire time it took to remove the equipment. He told defendant when to stop work on the project in December, notifying defendant orally "That's all we want done."

Plaintiff, Daniel P. Hannifin, was an employee of Stauffer Chemical Company. He had worked for the company over ten years and had worked several years in the wash plant, the building housing the equipment removed by defendant. Plaintiff's deposition indicates that early in 1969 he had been off work approximately a month due to illness and a death in his family. On February 20, 1969, three or four days after his return to work, he fell through a hole in the floor of the wash plant, falling some twenty feet. He was severely injured and as a result was off work eleven months. The hole in the floor was a result of removal of the equipment heretofore described.

Plaintiff received medical and workman's compensation benefits. He then brought this action against defendant alleging

negligence on the part of defendant in removing certain barricades and railings and in failing to warn plant employees.

The record indicates that defendant construction company left the job about December 1, 1968, and had no control over the job site for a period of some two months and twenty days preceding the accident. The district court granted defendant summary judgment for two reasons, (1) there were no genuine issues of fact or law as to the liability of defendant, and (2) there appeared to be no duty owed by defendant to plaintiff at the time of the accident on February 20, 1969.

Plaintiff raises two issue for review on appeal:

1. Did the district court err in granting summary judgment for defendant on the issue of liability?

2. Were there any genuine issues of material fact which should have been submitted to the jury?

Defendant, before trial, relied on one case as controlling, Ulmen v. Schwieger, 92 Mont. 331, 354, 12 P.2d 856. In that case plaintiff Ulmen drove an automobile into an open excavation and against a concrete culvert which plaintiff supposed was a regularly established and used highway. He was seriously injured. There were two defendants, a general contractor and a subcontractor for the concrete work. At the time of the accident the concrete work was complete but had not been accepted by the general contractor or the state highway commission. A judgment of $10,000 was entered against both defendants and they appealed. This Court affirmed as to the general contractor, but reversed as to the subcontractor Roscoe. The Court held:

> "It is also unimportant that Roscoe's work had not been 'accepted.' It was completed and he had withdrawn all control over it, so that it was at the time of the accident but an integral part of the unfinished highway, no part of which would be accepted until Schwieger's [general contractor] entire contract had been fully executed.
>
> "* * *

"'The general rule is well established that an independent contractor is not liable for injuries to third persons, occurring after the contractor has completed the work and turned it over to the owner or employer and the same has been accepted by him * * * the latter is substituted as the responsible party. The reason for the substitution of liability is found in the general doctrine that an action for negligence will not lie unless the defendant was under some duty to the injured party at the time and place where the injury occurred which he omitted to perform.' (14 R.C.L. 107) The cases cited in support of the above text are of that class wherein an owner or contractor employs an independent contractor to work upon premises the possession of, and control over, which is surrendered to him, and consequently the independent contractor is not re- lieved of responsibility until his work has been accepted and the premises revert to the control of the owner or original contractor. Such is not the case here; as shown above the original contractor, Schwieger, was at all times in control of the entire projected highway, the dangerous condition existing at the culvert being but a part thereof.

"* * *

"Either an independent contractor or a servant is liable to a third person injured by reason of the negligent handling of property when he owes a duty to such third person, but he owes a duty to protect third persons only when he has such control over the property as the master or contractee would otherwise have. (Hagerty v. Montana Ore Purchasing Co., 38 Mont. 69, 25 L.R.A. (n.s.) 356, 98 Pac. 643.) It is the owner, occupier or person in charge of premises who is in duty bound to keep the premises in a reasonably safe condition, so that those whom he has invited to enter upon them shall not be unreasonably exposed to danger, and one charged with this duty, who fails to prevent entry by means of proper barricades or warning signs, impliedly invites those who otherwise might lawfully enter, to come upon the dangerous premises. If, through his negligence to perform this duty, persons enter and are injured, he, and not his servant or an independent contractor who owed no such duty to the public, is liable for damages suffered by reason of his negligence. (3 Shearman & Redfield on Law of Negligence, 6th ed., 699; 45 C.J. 823-826; Montague v. Hanson, 38 Mont. 376, 99 Pac. 1063.)

"On the day of the accident, Roscoe was neither 'owner, occupier nor person in charge' of any portion of the new grade, and at no time had he been charged with the duty of maintaining a barrier at the point where the detour marked the end of the constructed grade and opened highway." (Emphasis supplied)

Plaintiff concedes the rule in Ulmen is good law but argues that it only applies where the plaintiff is a member of the

- 4 -

general public and does not apply where the plaintiff is an employee.

This Court's definition of an "independent contractor" is well stated in Grief v. Industrial Accident Fund, 108 Mont. 519, 93 P.2d 961. Further, the depositions clearly show that defendant was not a servant of Stauffer Chemical Company; ipso facto, defendant's servants could not be fellow servants of plaintiff for Stauffer had no control over the manner in which defendant's employees did their work. Callan v. Hample, 73 Mont. 321, 236 P. 550. We find no merit to plaintiff's first issue.

In his second issue on appeal plaintiff raises the question of whether or not plaintiff is protected by the Scaffold Act of Montana. Sections 69-1401 through 69-1405, R.C.M. 1947. Plaintiff alleges that section 69-1404 of that act is applicable to his case. That section reads:

> "It shall be the duty of all owners, contractors, builders, or persons having the direct and immed- iate control or supervision of any buildings in the course of erection, which shall be more than thirty feet high, to see that all stairways, ele- vator openings, flues, and all other openings in the floors, shall be covered or properly protected * * *."

We find no application of this section to the situation here. Section 69-1404 applies only to "all owners, contractors, builders, or persons having the direct and immediate control or supervision of any buildings in the course of erection". Here, it is obvious that defendant simply had no immediate control or supervision.

We do not agree with plaintiff's reliance on a recent decision of this Court, State ex rel. Great Falls National Bank v. District Court, 154 Mont. 336, 345, 463 P.2d 326, in support of his position. There the district court granted summary judg- ment in a true scaffolding situation, holding that section 69-1401, R.C.M. 1947, imposed absolute liability. On appeal the issue before the Court was----Is a landowner not in direct

supervision and control of the work liable in damages for violation of the Scaffold Act by an employee of an independent contractor?

The Court held he was not, saying:

"* * * it is clear to us from the language of the Act construed in the light of its purpose that the legislature intended only to make the injured workman whole by granting him relief to the extent of his injuries and damages against the person, firm or corporation having direct and immediate control of work involving the use of scaffolding."

Here, the Scaffold Act has no application.

The judgment of the district court is affirmed.

_____
Associate Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Associate Justices.