No. 14897

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

ROSS RENNICK,

Plaintiff and Appellant,

vs.

DON W. HOOVER and CAROL HOOVER,

Defendants and Respondents.

---

Appeal from: District Court of the Eighth Judicial District,
Honorable H. William Coder, Judge presiding.

Counsel of Record:

For Appellant:

Hoyt, Trieweiler, Lewis and Regnier, Great Falls,
Montana
James M. Regnier argued, Great Falls, Montana

For Respondents:

Smith, Baillie and Walsh, Great Falls, Montana
Marvin J. Smith argued, Great Falls, Montana

---

Submitted: January 15, 1980

Decided: FEB 2 5 1980

Filed: FEB 2 5 1980

*Thomas J. Kearney*
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff Ross Rennick appeals from a summary judgment awarded defendants by the District Court of Cascade County, the Honorable H. William Coder presiding.

In July 1976, Don and Carol Hoover, the defendants, purchased an apartment building located at 1209 Second Avenue South in Great Falls. The property contained four apartments, one located in the basement, two on the ground level and one on the second floor. All four apartments had two separate means of ingress and egress. The two ground floor apartments and the second floor apartment could be entered through the front door via a common hallway, or they could be entered through separate exterior entrances after crossing a common cement slab in the rear of the apartment. This cement slab was located at the foot of the stairway leading to the second floor apartment. Parking was available along Second Avenue in front of the building and a lot, large enough to contain at least four cars, was also provided in the rear of the apartment.

Ross Rennick had been dating a female tenant occupying the second floor apartment for over a year prior to the date of his injury. Rennick's testimony reveals that he visited her quite frequently and that he had lived with her in the apartment for a short period of time after November 1976, and prior to the accident.

The evening of February 4, 1977, Mr. Rennick went to visit the female tenant at her apartment. He parked in the rear parking lot and entered the building by ascending the back stairs. Upon leaving the apartment, twenty or thirty minutes later, Rennick slipped and fell on the cement slab at the base of the stairs, breaking his ankle.

Ross Rennick testified that he was aware of the icy

conditions in the rear of the building because of his frequent visits. He used the rear entrance approximately 50% of the time. Rennick stated that a sheet of ice had accumulated on the cement slab at the base of the stairway as a result of water dripping from the roof, but that it had been reduced by unseasonably high temperatures over the two-week period prior to February 4, 1977. Rennick further stated that the ice had been present on the cement for at least two weeks, that it extended at least two feet from the bottom step, and that he knew care was required to cross the cement.

Don Hoover's testimony reveals that he maintained the exterior of the building, including the shoveling of snow. He had last shoveled the snow on January 15, 1977. Mr. Hoover denied the existence of any ice or snow on the cement, since only a small amount of snow fell between January 15 and February 4 and un-seasonably high temperatures prevailed during the period.

The issue on appeal is whether the District Court was correct in granting the defendants' motion for summary judgment. To determine this issue, the question becomes whether the defendant landlords owe a duty to the plaintiff to remove an alleged known icy condition in the common area of an apartment building.

Rule 56(c), M.R.Civ.P., provides that summary judgment is proper if:

> " . . . the pleadings, depositions, answers to
> interrogatories, and admissions on file, together
> with the affidavits, if any, show that there is
> no genuine issue as to any material fact and that
> the moving party is entitled to a judgment as a
> matter of law . . ."

The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law entitle him to judgment as a matter of law. Kober & Kyriss v. Billings Deac. Hosp. (1966), 148 Mont. 117, 121, 417 P.2d 476, 478.

- 3 -

It is well established in Montana law that "actionable negligence arises only from a breach of legal duty." Jonosky v. Northern Pacific Ry. Co. (1920), 57 Mont. 63, 72, 187 Pac. 1014, 1015; Cassaday v. City of Billings (1959), 135 Mont. 390, 393, 340 P.2d 509, 510. Therefore, in order for there to be a genuine issue of material fact in a negligence case there must be a duty imposed upon the defendant and allegations which, if proven, would support a finding of a breach of the duty.

In Montana, a landlord owes a duty to the tenant to "keep all common areas of the premises in a clean and safe condition." Section 70-24-303, MCA. However, this appeal does not involve an injury to a tenant, and we need not reach the question of whether this statutory duty alters prior Montana case law in relation to the duty owed to a tenant. As a result, we must look to Montana law concerning the status of the injured party and the corresponding duty of the property owner.

The duty imposed upon a property owner in Montana continues to be dependent on the status of the injured party, either invitee, licensee or trespasser. This Court has previously held that a tenant is an invitee of the landlord when injury occurs in the common areas of an apartment building. Lake v. Emigh (1948), 121 Mont. 87, 190 P.2d 550. The status of the social guest of a tenant in the common area of an apartment building is also that of an invitee in relation to the duty of a landlord. See Olson v. Kayser (1973), 161 Mont. 241, 505 P.2d 394. The rationale for this status is that the landlord is in the business of providing facilities for a tenant to receive all persons for lawful purposes; therefore, the presence of a guest is related to the property owner's business.

This Court has stated in a great number of cases that the property owner's duty toward an invitee is to use ordinary care

- 4 -

to keep the premises reasonably safe and to warn the invitee of any hidden or lurking danger. This duty is satisfied if the condition is actually known or obvious. Regedahl v. Safeway Stores, Inc. (1967), 149 Mont. 229, 425 P.2d 335; Luebeck v. Safeway Stores, Inc. (1968), 152 Mont. 88, 446 P.2d 921.

> "The true ground of liability is his [the property owner's] superior knowledge over that of business invitees of the dangerous condition and his failure to give warning of the risk, however, he is not an insurer against all accidents which may befall them upon his premises." (Emphasis added.) McIntosh v. Linder-Kind Lumber Co. (1964), 144 Mont. 1, 6, 393 P.2d 782, 785.

The preceding rationale is also the basis for the duty owed to a tenant's social guest injured in a common area. In Olson v. Kayser, supra, the following jury instruction was upheld:

> "'An owner who leases or rents a portion of his property and retains control of another part which a tenant is entitled to use in connection with the portion leased or rented to him, is subject to liability to others lawfully on the premises with the consent of the tenant for injuries caused by a dangerous condition existing on the part of the premises under the owner's control if, by the exercise of reasonable care, he could have discovered the condition and made it safe.
>
> "'An owner is not liable to others lawfully on the premises with the consent of the tenant for injuries resulting from a condition of the premises the danger of which is known to the person lawfully on the premises or is obvious, unless the owner should anticipate the harm despite such knowledge or obvious danger.'" (Emphasis added.) 161 Mont. at 248, 505 P.2d at 398.

A similar approach has been taken in several Montana cases involving injuries to invitees caused by icy conditions. We have consistently held that " . . . where danger created by the elements such as the forming of ice and the falling of snow are universally known, or . . . actually known, there is no liability." Luebeck v. Safeway Stores, Inc./, 152 Mont. 88, 93, 446 P.2d 921, (1968) 924; See e.g., Dunham v. Southside National Bank (1976), 169 Mont. 466, 548 P.2d 1383; Uhl v. Abrahams (1972), 160 Mont. 426, 503 P.2d 26.

Plaintiff, who is not a tenant, asks us to impose a greater

duty upon landlords than is imposed upon other business owners for the removal of ice and snow. We refuse to do so. The status of the injured person determines the duty and this duty is not qualified by the status of the property owner; there is no exception for landlords.

Ross Rennick admits knowledge of the icy condition and that he knew care was required. Further, the depositions in this case reveal that, because of his frequent visits over a period in excess of a year and the short time defendants owned the premises, plaintiff was at least equally familiar with the condition of the premises as was the landlord.

Since under Montana law the icy condition is not unreasonably dangerous, and plaintiff had actual knowledge of the condition of the premises, there is no duty, no breach of duty, and no negligence as a matter of law.

The judgment is affirmed.

_____
                Chief Justice

We concur:

_____

_____

_____
        Justices

Mr. Justice John C. Sheehy specially concurring:

I concur in the result, especially in the light of Luebeck v. Safeway Stores, Inc. (1968), 152 Mont. 88, 446 P.2d 921. I think in a proper case we should re-examine the fiction that different rules should apply on the duty owed to persons lawfully on another's premises, based on their economic relation-

ship to the possessor of the premises.   In other words, I see
no reason for differentiating between invitees and licensees
because of the economic difference in their reasons for going
upon another's property, but that is another case.

_____
                Justice

Mr. Justice Daniel J. Shea concurs in the result and will file
a separate concurring opinion later.