No. 91-361

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

LORI MOFFATT,

    Plaintiff and Appellant,

-vs-

UNIVERSITY OF MONTANA,
STATE OF MONTANA,

    Defendant and Respondent.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Kenneth H. Grenfell, McChesney, Grenfell & Ogg,
Missoula, Montana

    For Respondent:

        Norman C. Peterson, Assistant Attorney General,
Agency Legal Services Bureau, Helena, Montana

**FILED**

AUG 27 1992

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   March 26, 1992

Decided:   August 27, 1992

_____
        Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Lori Moffatt brought a negligence action in the Fourth Judicial District Court, Missoula County against the University of Montana for injuries she received when she slipped and fell down a staircase. The University filed a motion for summary judgment. The District Court granted the University's motion for summary judgment pursuant to Rule 56(c), M.R.Civ.P. Moffatt appeals the decision of the District Court.

We reverse and remand.

The only issue for this Court to consider is whether the District Court erred when it found there were no genuine issues of material fact and granted summary judgment in favor of respondent, the University of Montana.

The uncontested facts are as follows. Appellant was a chemistry student who attended the University of Montana located in Missoula. On March 16, 1987, appellant, who was carrying books with her left arm, slipped, and fell down a staircase in the Pharmacy-Psychology Building, fracturing her left wrist.

On July 24, 1989, appellant filed a complaint in District Court against the University for failure to properly maintain its premises. In the complaint, she alleges that at the time of the accident, the stairway was slick and highly polished and not treated with an anti-slip material or any non-skid protective material and thus constituted a hidden and lurking danger and that the University knew or should have known of the danger and failed

2

to warn persons of the danger. In its answer the University denied the allegations.

On July 1, 1990, the University filed a motion for summary judgment and attached three affidavits by University personnel in support of its motion. For the purposes of the motion, the University did not dispute appellant's assertions that she descended the steps in a safe and prudent manner, and that she was wearing tennis shoes with adequate soles to insure proper traction and footing. In addition, the University admits that no "anti-slip grip strip" material was placed on the stairs prior to the accident and that no warning signs were in place to caution persons of the allegedly dangerous condition. Appellant responded with a reply brief.

On May 10, 1991, the District Court issued its opinion and order, concluding that there were no genuine issues of material fact and ruling that the University was entitled to judgment as a matter of law. It is from this order that appellant appeals.

In a motion for summary judgment, the moving party has the burden of showing a complete absence of any genuine material issue of fact which would entitle him to judgment as a matter of law. Cereck v. Albertson's Inc. (1981), 195 Mont. 409, 411, 637 P.2d 509, 511. The party opposing a motion for summary judgment is entitled to all reasonable inferences that may be drawn from the offered proof. Cereck, 637 P.2d at 511. For a genuine issue of material fact to exist in a negligence case, the defendant must owe

3

a duty to the plaintiff. Rennick v. Hoover (1980), 186 Mont. 167, 170, 606 P.2d 1079, 1081. If appellant's allegations, if proven, support a finding of a breach of duty, then the granting of summary judgment is improper. Rennick, 606 P.2d at 1081.

In her complaint and brief in opposition to the motion for summary judgment, appellant alleged that at the time of the accident the stairway was slick, highly polished, and not treated with any anti-slip or non-skid protective material.

The University filed three affidavits in support of its motion for summary judgment. In his affidavit, Ken Willett, Manager of the Safety and Security Section of the Physical Plant Department, stated that because he had not received any previous complaints relating to the condition of the stairs, he had no reason to anticipate the possibility of harm to anyone.

In another affidavit, Tom Wheatly, Supervisor of the Building Trades Section of the Physical Plant, explained that he had no knowledge of any previous accidents involving the stairs in the Pharmacy-Psychology Building.

In the third affidavit, Clarence Hester, Bureau Chief of the Department of Administration's Design and Construction Bureau, stated that the composition of the stairs met with building code standards for acceptable stair materials.

The statements by the University's employees do not meet the burden of proof imposed upon the University in a motion for summary judgment. In addition, the affidavit of Clarence Hester does not

4

prove that there is not a complete lack of a genuine issue of a material factual dispute. The fact-finder should be given the opportunity to determine whether the University was negligent in failing to maintain the stairs, and whether it was negligent in failing to warn of a hazardous condition.

The order granting summary judgment is reversed and the matter is remanded for further proceedings.

We reverse and remand.

_____
William E. Hunt Sr.
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

5

Justice Fred J. Weber dissents as follows:

The majority opinion refers to the filing of a complaint alleging that the stairway was slick and highly polished and not treated with anti-slip material, and thus, constituted a hidden and lurking danger and that the University knew or should have known of the danger and failed to warn. The majority opinion again refers to the complaint and brief in opposition to the motion for summary judgment where the plaintiff alleged that the stairway was slick, highly polished, and not treated with anti-slip or non-skid protective material.

I would first emphasize that the complaint is not a sworn complaint. It is merely a complaint signed by the attorney for plaintiff, without any statement under oath as to its truthfulness.

The majority opinion briefly refers to the three affidavits filed by the University and then concludes as follows:

> The statements by the University's employees do not meet the burden of proof imposed upon the University in a motion for summary judgment. In addition, the affidavit of Clarence Hester does not prove that there is not a complete lack of a genuine issue of a material factual dispute. The fact-finder should be given the opportunity to determine whether the University was negligent in failing to maintain the stairs, and whether it was negligent in failing to warn of a hazardous condition.

I suggest that the majority opinion has disregarded both our rules with regard to summary judgment as well as the controlling decisions of this Court.

The District Court entered a thirteen page opinion and order setting forth in detail its reasons for entry of summary judgment

6

for the defendant. I believe the summary by the District Court is enlightening:

> In summary, the principle holding of the Court is that the Defendant's Motion for Summary Judgment is granted. The undisputed facts show that no defect existed; that no prior injuries or complaints existed; and that the stairs were constructed within guideline specifications. The undisputed facts do not show that the Defendants breached a duty of ordinary care to Moffatt and do not show the existence of a step which constituted a hidden danger in the step itself or the area surrounding the step or any other unsafe condition. Moffatt's negligence claim rests entirely on the assumption that the subject stairs constitute a hidden or lurking, or otherwise dangerous condition. Moffatt has failed to provide this Court with any objective evidence, whatsoever, which tends to prove or disprove the existence of any genuine issue of material fact regarding the alleged dangerous conditions. On the other hand, this Court finds that UM has satisfied its burden under Rule 56(c), M.R.Civ.P., that no genuine issue of material fact exists, and that UM is entitled to summary judgment as a matter of law.

I believe the record before the District Court supports the foregoing analysis and conclusion. I emphasize that the references to the pleading in an unsworn complaint and to the brief are inappropriate because the statements in such unsworn instruments are not admissible for summary judgment purposes. Rule 56(e), M.R.Civ.P., sets forth key aspects of the affidavits to be used with regard to summary judgment:

> **Form of affidavits - further testimony - defense required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. . . . When a motion for summary judgment is made and supported as provided in this rule, <u>an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by</u>

7

affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. (Emphasis supplied.)

The provisions of Rule 56, with regard to summary judgment, have been considered in many cases. In particular, we have concluded that resting upon allegations of a pleading is not sufficient. As stated in Mayer Bros. v. Daniel Richard Jewelers, Inc. (1986), 223 Mont. 397, 400, 726 P.2d 815, 817:

> We have recently held that a party opposing a motion for summary judgment may not rest upon the mere allegations of the pleadings, but has an affirmative duty to respond by affidavits or sworn testimony with specific facts that show there is a genuine issue of fact for trial. B.M. By Berger v. State (Mont. 1985), [215 Mont. 175], 698 P.2d 399, 401, 42 St.Rep. 272, 274-75; Rule 56(e), M.R.Civ.P. Without such specific factual evidence, we are unable to determine that any real factual controversy exists. . .

In analyzing the very extensive affidavits submitted by the defendant, the District Court referred first of all to the testimony of Mr. Willett, the Safety and Security Manager. It points out that he testified that after an exhaustive and complete examination of the files, he did not find any reports or complaints of problems or falls on any staircase in this particular building prior to the report of the plaintiff. The record shows that he and his staff made regular inspections and that he had no personal knowledge, nor had he received any knowledge from the staff of any dangerous condition created by the alleged slippery metal nose of any stairs, or otherwise.

The District Court also referred to the affidavit of Mr. Wheatley who is the supervisor of the building trades section of

8

the Physical Plant at the University. He is responsible for doing the actual work. He was not aware of any prior accident caused by a slippery metal nose piece, and was not aware of any previous complaints that the stairs were in a dangerous condition.

The court also referred to the affidavit of Clarence Hester, which the majority opinion apparently concludes was somehow incomplete. I don't understand that. In substance, Mr. Hester testified that he is the Bureau Chief of the Design and Construction Bureau of the Department of Administration and that he has been the Bureau Chief for twenty-three years; and that he has an architectural engineering degree and is a registered architect. His sworn affidavit established that the responsibility of his bureau was to review all construction plans to ensure to that all designs meet with appropriate building code standards and that the final plan for the pharmacy-psychology building at the University was reviewed by the Bureau. With regard to the composition and construction, he then stated:

> 5. That the composition of the stairs in the building as planned and as completed is of concrete and metal. Specifically, the stairs are brushed concrete with metal nose plates.
> 6. That the composition of the stairs is within the Building Code Standards for acceptable stair materials.
> 7. That it is a customary and acceptable practice in the building construction trade to build stairs of the above composition and in the above manner.
> 8. That there are no building code provisions which either require or recommend that "no-slip grip strips" or any similar material or device be placed on the metal nose plates of stairs composed of the above materials.

After consideration of the affidavits submitted by the defendant University, the District Court pointed out that there is

9

a total lack of objective evidence submitted by the plaintiff or otherwise presented which raises any material issue of fact. As stated by the District Court:

> This Court has reviewed the entire record. The evidence consists of three affidavits, all proposed by UM. These affidavits establish that UM was not aware of any alleged dangerous steps because there had never been any previous complaints, that inspections by its own staff did not reveal any hazards, and that the steps were built within industry accepted standards. No evidence in the form of depositions, affidavits or pictures were presented by Moffatt which might have established the existence of a condition that was not visibly safe. . . . Moffatt's mere recitation of her opinions and allegations is not sufficient to existence of a _genuine_ issue of material fact. . . .

I believe the record fully supports the conclusions and summary judgment entered by the District Court. Where the plaintiff has failed to present anything in the nature of a sworn pleading, affidavit or deposition, which tends to establish that the University was negligent in failing to maintain the stairs or that it was negligent in failing to warn of a hazardous condition, I am unable to understand how the majority remands for a determination of those issues.

Under Rule 56, M.R.Civ.P., and our Montana cases, I believe this Court is required to affirm the summary judgment entered by the District Court.

_____
Justice