JUSTICE HUNT
delivered the opinion of the Court.
Appellant Lori Moffatt brought a negligence action in the Fourth Judicial District Court, Missoula County against the University of Montana for injuries she received when she slipped and fell down a staircase. The University filed a motion for summary judgment. The District Court granted the University’s motion for summary judgment pursuant to Rule 56(c), M.R.Civ.P. Moffatt appeals the decision of the District Court.
We reverse and remand.
The only issue for this Court to consider is whether the District Court erred when it found there were no genuine issues of material fact and granted summary judgment in favor of respondent, the University of Montana.
The uncontested facts are as follows. Appellant was a chemistry student who attended the University of Montana located in Missoula. On March 16, 1987, appellant, who was carrying books with her left arm, slipped, and fell down a staircase in the Pharmacy-Psychology Building, fracturing her left wrist.
On July 24, 1989, appellant filed a complaint in District Court against the University for failure to properly maintain its premises. In the complaint, she alleges that at the time of the accident, the stairway was slick and highly polished and not treated with an anti-slip material or any non-skid protective material and thus constituted a hidden and lurking danger and that the University knew or should have known of the danger and failed to warn persons of the danger. In its answer the University denied the allegations.
On July 1, 1990, the University filed a motion for summary judgment and attached three affidavits by University personnel in support of its motion. For the purposes of the motion, the University *287 did not dispute appellant’s assertions that she descended the steps in a safe and prudent manner, and that she was wearing tennis shoes with adequate soles to insure proper traction and footing. In addition, the University admits that no “anti-slip grip strip” material was placed on the stairs prior to the accident and that no warning signs were in place to caution persons of the allegedly dangerous condition. Appellant responded with a reply brief.
On May 10, 1991, the District Court issued its opinion and order, concluding that there were no genuine issues of material fact and ruling that the University was entitled to judgment as a matter of law. It is from this order that appellant appeals.
In a motion for summary judgment, the moving party has the burden of showing a complete absence of any genuine material issue of fact which would entitle him to judgment as a matter of law. Cereck v. Albertson’s Inc. (1981), 195 Mont. 409, 411, 637 P.2d 509, 511. The party opposing a motion for summary judgment is entitled to all reasonable inferences that may be drawn from the offered proof. Cereck, 637 P.2d at 511. For a genuine issue of material fact to exist in a negligence case, the defendant must owe a duty to the plaintiff. Rennick v. Hoover (1980), 186 Mont. 167, 170, 606 P.2d 1079, 1081. If appellant’s allegations, if proven, support a finding of a breach of duty, then the granting of summary judgment is improper. Rennick, 606 P.2d at 1081.
In her complaint and brief in opposition to the motion for summary judgment, appellant alleged that at the time of the accident the stairway was slick, highly polished, and not treated with any anti-slip or non-skid protective material.
The University filed three affidavits in support of its motion for summary judgment. In his affidavit, Ken Willett, Manager of the Safety and Security Section of the Physical Plant Department, stated that because he had not received any previous complaints relating to the condition of the stairs, he had no reason to anticipate the possibility of harm to anyone.
In another affidavit, Tom Wheatley, Supervisor of the Building Trades Section of the Physical Plant, explained that he had no knowledge of any previous accidents involving the stairs in the Pharmacy-Psychology Building.
In the third affidavit, Clarence Hester, Bureau Chief of the Department of Administration’s Design and Construction Bureau, stated that the composition of the stairs met with building code standards for acceptable stair materials.
*288 The statements by the University’s employees do not meet the burden of proof imposed upon the University in a motion for summary judgment. In addition, the affidavit of Clarence Hester does not prove that there is not a complete lack of a genuine issue of a material factual dispute. The fact-finder should be given the opportunity to determine whether the University was negligent in failing to maintain the stairs, and whether it was negligent in failing to warn of a hazardous condition.
The order granting summary judgment is reversed and the matter is remanded for further proceedings.
We reverse and remand.
CHIEF JUSTICE TURNAGE, JUSTICES HARRISON, TRIEWEILER, McDONOUGH and GRAY concur.