No. 92-303

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

EDWARD NICHOLS, JR., JULIA A. BRUMMEL,
NICHOLE A. BRUMMEL, a Minor Child, and
JULIA A. BRUMMEL, as Mother and Natural
Guardian of NICHOLE A. BRUMMEL,

     Plaintiffs and Appellants,

-v-

DAVID CORNTASSEL and DAVID BALLOU,

     Defendants and Respondents.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     Arthur D. Agnellino, Missoula, Montana

     For Respondent:

     Dan Spoon, Missoula, Montana, for David Ballou; Paul
Meismer, Missoula, Montana for David Corntassel

Submitted: March 4, 1993

Decided: May 6, 1993

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiffs appeal the summary judgment order of the District Court of the Fourth Judicial District, Missoula County, which ruled in favor of defendant David Ballou based on the "accepted work" doctrine of contractor nonliability. We reverse and remand to the District Court for reconsideration.

The sole issue for review is whether the District Court erred in granting summary judgment to defendant Ballou.

Appellants Edward Nichols, Jr., Julia A. Brummel and Nichole A. Brummel, by Julia A. Brummel as her Mother and Natural Guardian (plaintiffs) filed complaints alleging that they suffered carbon monoxide poisoning while residing in a rental property located in Missoula, Montana. The amended complaint alleged numerous claims against several defendants. Plaintiffs have settled their claims with and stipulated to dismiss defendants John Schubert, Cole MacPherson, Don Beaver Heating and Air Conditioning and Thomas Plumbing and Heating. Claims against two defendants remain. Plaintiffs' claim against defendant David Corntassel is rooted in the Montana Residential Landlord and Tenant Act and is not a part of this appeal. This appeal relates solely to the District Court's summary judgment dismissal of plaintiffs' claim against defendant David Ballou (Ballou), a Missoula heating and air conditioning contractor and owner of Ballou Heating and Air Conditioning.

In their Second Amended Complaint, plaintiffs alleged the following: In 1988, plaintiffs rented a residence located at 2120 South 14th Street in Missoula owned by David Corntassel.

2

Corntassel had purchased the residence in 1986 from John Schubert. To meet FHA financing requirements, Schubert raised the foundation of the house approximately two feet. When this was done, the vent pipes from the furnace had to be modified accordingly. Schubert contracted with Ballou to perform the modifications to the furnace exhaust system. Ballou performed the work in July or August of 1986. In April 1988, shortly after plaintiffs moved into the house, the exhaust vent pipe leading from the furnace to the chimney separated because the vent had never been securely fastened by Ballou.

Plaintiffs alleged that when the vent pipe separated, carbon monoxide gas escaped, causing them to suffer carbon monoxide poisoning. They further alleged that Ballou negligently reconnected the furnace exhaust vent in the residence.

In his Answer, Ballou denied plaintiffs' allegations except as follows: He admitted that Schubert was the owner of the premises at the time that Ballou Heating and Air Conditioning performed the work. He admitted that he was in the business of installing and repairing heating and air conditioning systems. He also admitted that there are city and county codes relating to the installation of furnaces.

Did the District Court err in granting summary judgment in favor of Ballou?

The District Court determined that sufficient facts were presented to grant summary judgment to Ballou on the basis of the "accepted work" doctrine as an affirmative defense. The "accepted

3

work" doctrine is a rule of contractor nonliability most recently approved by this Court in Harrington v. LaBelle's of Colo. Inc. (1988), 235 Mont. 80, 765 P.2d 732.   See also Olson v. Kayser (1973), 161 Mont. 241, 505 P.2d 394; Hannifin v. Cahill-Mooney Constr. Co. (1972), 159 Mont. 413, 498 P.2d 1214; and Ulman v. Schwieger (1932), 92 Mont. 331, 12 P.2d 856.

Under the "accepted work" doctrine, the contractor owes no duty to a third party who is subsequently injured on the premises. The property owner (contractee) is substituted for the contractor as the responsible party when the work is accepted. Harrington, 765 P.2d at 734. The primary rationale is that the injured person is not in privity of contract with the contractor. Under the doctrine, Schubert, as the owner who employed Ballou, would become the responsible party after he accepted the work done by Ballou to reconnect the exhaust vent, if all five elements of the "accepted work" doctrine were met.

Contractor nonliability principles initially parallelled those of product liability. Product liability law, unlike its counterpart, has changed significantly over the years as exemplified by the landmark case MacPherson v. Buick Motor Co. (N.Y. App. 1916), 111 N.E. 1050. MacPherson initiated a shift in product liability law subjecting manufacturers or suppliers to liability for negligence. Annotation, Negligence of building or construction contractor as ground of liability upon his part for injury or damage to third person occurring after completion and acceptance of the work. 58 A.L.R.2d 865, 869-70. The general rule

4

of nonliability for contractors did not experience a similar metamorphosis. However, a gradual trend away from nonliability for negligence developed around a group of exceptions to the general rule instead of an outright repudiation of the "accepted work" doctrine in those jurisdictions which had previously adopted the doctrine. Strakos v. Gehring (Tex. 1962), 360 S.W.2d 787, 790. One of the numerous exceptions which evolved is the "latent defect" exception which plaintiffs urge this Court to adopt.

Authors of the Restatement (Second) of Torts at § 385 recommended that contractors should be placed on the same footing as manufacturers for negligence liability. 58 A.L.R.2d at 871. In Strakos, the court completely overruled its prior ruling which had approved the "accepted work" doctrine, noting that the effect of the decision was to bring the defendant within general rules of tort litigation, restoring logic and simplicity to the law. Strakos, 360 S.W.2d at 790-91.

A number of courts have expressed dissatisfaction with the rule, favoring a more direct approach such as that of the Texas court in Strakos. 13 Am. Jur. 2d Building and Construction Contracts § 140 (1964). Instead of applying the nonliability rule, these courts have established a rule that a contractor is liable for injuries to or death of third persons after acceptance by the contractee where the work is reasonably certain to endanger third persons if negligently completed. Id. This view adopts a rationale that there are no sufficient grounds to differentiate between liability of a manufacturer of goods and that of a building

5

or construction contractor. Id. The building contractor's liability under this reasoning is not absolute, but predicated upon negligence. Thus, a contractor following plans or specifications given to him will not be liable if a reasonable person would have followed them. Id. See, e.g., Menendez v. Paddock Pool Constr. Co. (Ariz. App. 1991), 836 P.2d 968 (nonliability rule applies only when contractor has no discretion and is merely following plans and specifications provided by the employer); and Hanna v. Fletcher (D.C.Cir. 1956), 231 F.2d 469 (the leading case rejecting the "accepted work" doctrine).

In this appeal, plaintiffs have asked this Court to review the "accepted work" doctrine and consider whether it is appropriate to continue to blindly exempt contractors from liability when the elements of the doctrine are present. They do not argue that this Court should follow the example of the many jurisdictions which have completely abandoned the doctrine as this Court has already done for products liability actions against manufacturers and others previously exempt from liability. See Brandenburger v. Toyota Motor Sales, U. S. A., Inc. (1973), 162 Mont. 506, 513 P.2d 268. Instead, they urge us to adopt the "latent defect" exception to the doctrine and argue that the facts of this case clearly demonstrate that a latent defect existed when Ballou performed the work and turned it over to Schubert some twenty months prior to their injury.

Based on the arguments presented in the briefs, the court concluded that it was appropriate to consider the "accepted work"

6

doctrine and the possible application of the "latent defect" exception to that doctrine. Both parties' briefs before this Court indicated there were no genuine issues of fact relating to the five elements of the "accepted work" doctrine. Argument was presented on that theory.

This Court has now made a careful review of the entire record before the District Court. The record, as submitted to this Court, contains no affidavits of any kind, no depositions, no interrogatories, and no separate admissions which could be considered. The Clerk of the District Court verified that its entire record had been submitted to this Court for the appeal. As previously pointed out, the defendant Ballou has denied, generally and specifically, all of the allegations on the part of the plaintiff in the amended complaint with the exception only of an admission that Schubert owned the premises at the time when Ballou performed work, that Ballou was in the business of repairing heating and air conditioning systems and that there are city and county codes. As a result, the pleadings themselves fail to establish any facts pertinent to the issues before this Court.

As the party moving for summary judgment, Ballou was required to comply with the provisions of Rule 56(c), M.R.Civ.P., which in pertinent part provides:

> **Motion and proceedings thereon.** . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . .

7

Rule 56(c) has been the subject of many cases decided by this Court. In the great majority of cases, the question raised is whether or not the party opposing summary judgment has properly submitted facts to demonstrate an issue of material fact. Parties continue to argue that facts alleged in the pleadings must be accepted as correct. In such cases, we have held as follows:

> . . . Drug Fair argues that the facts alleged in its complaint must be accepted as correct. That is not correct. As pointed out in Mayer Brothers v. Daniel Richard Jewelers, Inc. (1986), [223 Mont. 397], 726 P.2d 815, a party opposing a motion for summary judgment may not rest upon the mere allegations of pleadings, and has an affirmative duty to respond by affidavits or sworn testimony with specific facts that show there is genuine issue of fact for trial. . . .

Drug Fair Northwest v. Hooper Enters., Inc. (1987), 226 Mont. 31, 733 P.2d 1285, 1287.

The essential question here, however, is whether or not defendant Ballou has submitted sufficient facts to trigger the court's consideration under Rule 56(c), M.R.Civ.P. In describing the cases where a summary judgment is proper, this Court stated in Gamble Robinson Co. v. Carousel Properties (1984), 212 Mont. 305, 688 P.2d 283, 286-87, as follows:

> Summary judgment is not a substitute for trial. . . . Rule 56(c), Mont.R.Civ.P. permits summary judgment to issue only when there is no genuine issue of material fact, and the moving party is entitled to the judgment as a matter of law. . . . In Cereck v. Albertson's, Inc. (1981), 195 Mont. 409, 637 P.2d 509, we stated the test for granting summary judgment:
>
> > "It is well established that a party moving for summary judgment has the burden of showing a complete absence of any genuine issue as to all facts deemed material in light of the substantive principles that entitle that party to a judgment as a matter of law. [Citations

8

> omitted.] All reasonable inferences that may be drawn from the offered proof are to be drawn in favor of the party opposing summary judgment." [Citations omitted.]
>
> The moving party's initial burden is two-fold. First, it must show the absence of any genuine issue as to material fact. Second, that party must also show that this set of facts entitles it to the judgment as a matter of law. This necessarily implies the articulation of cogent legal grounds to which the facts apply. (Emphasis supplied.) (Citations omitted.)

The foregoing is the test which must be applied in the present case.

As pointed out above in Gamble Robinson, it was the burden of defendant Ballou here to first show the absence of any genuine issue of material fact, and second, to show that this set of facts entitled Ballou to judgment as a matter of law. Both defendant Ballou and plaintiffs have failed to establish facts which entitled any of them to judgment as a matter of law. As noted, the pleadings fail to establish as matters of fact the key facts regarding the furnace, furnace pipe, separation of the pipe, and resultant injury. The parties do make reference in their briefs to various depositions, but none of those depositions are a part of the record before us. We conclude that defendant Ballou has completely failed to set forth a set of facts which entitle him to judgment as a matter of law. We also emphasize that plaintiffs in turn have failed to set forth facts which entitle them to judgment as a matter of law. As a result, we hold that defendant Ballou as the moving party has failed to establish a set of facts which entitled him to judgment as a matter of law under Rule 56(c), M.R.Civ.P.

9

We, therefore, hold that the District Court erred in granting summary judgment to defendant Ballou. We remand this case for further consideration in a manner consistent with this opinion.

Reversed and remanded.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

10

Justice Terry N. Trieweiler concurring in part and dissenting in part.

I concur with the decision of the majority to reverse the judgment of the District Court. However, I would do so for reasons different from those of the majority.

I would reverse the judgment of the District Court because it was based on the "accepted work doctrine" which I conclude should no longer be followed in Montana.

I disagree that there is an inadequate record on which to base a decision whether to follow this antiquated theory, and believe that it is a disservice to the parties and to the District Court to require that they jump through further hoops before addressing the legal issue raised by this appeal.

In *Harrington v. LaBelle's of Colorado* (1988), 235 Mont. 80, 765 P.2d 732, this Court held in a five to two decision that it would continue to follow the accepted work doctrine first adopted in Montana in *Ulmen v. Schwieger* (1932), 92 Mont. 331, 12 P.2d 856. However, two members of the five person majority are no longer members of this Court, and I did not participate in that decision. However, I agree with the dissenting opinion in that case which was authored by Mr. Justice Weber and concurred in by Mr. Justice Hunt.

The issue of whether the accepted work doctrine bars recovery by the plaintiff against the defendant Ballou has been squarely framed by the pleadings in this case, by the testimony of the parties, and by the stipulations of the parties, as presented in

11

their appellate briefs. It makes no sense to consume further time and expense of the parties and waste valuable time and resources of the District Court to add unnecessary information to the record before indicating how the seventh member of this Court would vote on the issue of retaining the "accepted work doctrine."

While it is correct that the record is inadequate for purposes of determining whether this is an appropriate case in which to apply a "latent defect" exception to the doctrine, it is unnecessary to consider the latent defect exception if this Court decides to no longer follow the accepted work doctrine.

I agree with the Circuit Court of Appeals for the District of Columbia when it held in *Hanna v. Fletcher* (D.C. Cir. 1956), 231 F.2d 469, that the antiquated reasons for the accepted work doctrine based on lack of privity have no place in modern theories of liability, as set forth in *MacPherson v. Buick Motor Company* (1916), 217 N.Y. 382, 111 N.E. 1050.

I agree with the Supreme Court for the State of Texas when it held in *Strakos v. Gehring* (Tex. 1962), 360 S.W.2d 787, 791, that elimination of the accepted work doctrine would restore logic and simplicity to the law of liability.

The accepted work doctrine can only accomplish one of two undesirable results. It either shifts liability from the negligent party to an innocent property owner who, in most cases, has insufficient expertise with which to discover defects, or eliminates liability on the part of anyone. In that event, it

12

shifts the burden of a negligent party's conduct to the innocent victim. Neither of these results are desirable in light of modern theories of liability, and this Court should say so.

The majority avoids discussing the legal issues raised in this appeal by concluding that both plaintiffs and defendant Ballou have failed to provide this Court with facts which would entitle them to judgment as a matter of law. However, I disagree. The parties have stipulated to an adequate factual record on which to review the issue of whether this Court will continue to follow the accepted work doctrine.

In *Harrington*, we indicated that five factors were critical in our application of the accepted work doctrine in that case. They were:

1. That the work had been turned over to the owner;

2. That the owner had accepted the work;

3. That upon completion the owner paid the contractor;

4. That the contractor completely removed itself from the premises prior to the accident; and

5. That there was no follow-up work or any complaints about the contractor's work.

In his appellate brief, Ballou points out that there was deposition testimony from the defendant and from John Schubert, the former owner of the premises, establishing each of these five elements. He includes references to the pages in those depositions at which point those elements were established. While it is true that the depositions have not been filed with this Court on appeal,

13

their absence is insignificant because in their reply brief, plaintiffs concede that all five elements have been established. They specifically state that:

> Appellants do not dispute criteria 1 through 4, however, addressing separately criteria 5, Appellants state that although there was not follow up work performed by Respondent Ballou, there was no other person in the 20-month period from the time Respondent completed his work until the Appellants' injuries occurred, who worked on the unit.

In other words, the parties stipulate that all five criteria which were found necessary in *Harrington* for the application of the accepted work doctrine are present in this case.

To remand this case to the District Court for further factual development and to supplement the record without indicating to the parties and to the District Court how the seventh member of this Court would vote on the issue of retaining the "accepted work doctrine" is a complete waste of everyone's time and money. It is because of unnecessary academic exercises like this that people become frustrated with the judicial process. For these reasons, I dissent from that part of the majority opinion which suggests that further factual development is necessary before we can address the dispositive issue in this case. I would decline to follow the accepted work doctrine, and therefore, I would reverse the District Court's summary judgment on that basis.

_____
Justice

14

Justice William E. Hunt, Sr., joins in the foregoing concurrence and dissent.

_William E. Hunt Sr._
Justice

15

May 6, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Arthur D. Agnellino
Attorney at Law
200 East Pine
Missoula, MT    59802

Dan L. Spoon
Reep, Spoon & Gordon
P.O. Box 9019
Missoula, MT    59807-9019

Paul C. Meismer
Garlington, Lohn & Robinson
P.O. Box 7909
Missoula, MT    59807

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy